799 P.2d 898

The STATE of Arizona,
Appellee/Respondent,

v.

LaCharles HARRISON, aka Charles Davis, CaCharles Harrison, LaCharles Washington, Appellant/Petitioner.

Nos. 2 CA–CR 89–0499,
2 CA–CR 90–0281–PR.

Court of Appeals of Arizona,
Division 2, Department B.

Oct. 2, 1990.

Publication Ordered Nov. 7, 1990.

Mandate Vacated, Filing of Petition for Review Allowed Jan. 9, 1991.

558

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Dennis Staffelbach, Phoenix, for appellee/respondent.

Constance L. Trecartin, Tucson, for appellant/petitioner.

## OPINION

HOWARD, Judge.

This is an appeal of a conviction consolidated with a petition for review of the summary disposition of a petition for postconviction relief under Rule 32, Ariz.R. Crim.Proc., 17 A.R.S., on the basis of ineffective counsel. We are asked to find, as a matter of first impression, that when a legal defender has been adjudicated ineffective in a prior unrelated proceeding, a subsequent appointment of another legal defender for the same defendant is per se a conflict of interest. Because we cannot substantiate that such a situation is a conflict of interest or that the appellant has a colorable claim, we affirm both the trial court's verdict and denial of post-conviction relief.

## FACTS AND PROCEDURAL HISTORY

Appellant LaCharles Harrison was found guilty of theft by control of property with a value of more than $1,000, a class 3 felony, after a one-day jury trial on August 15, 1989. Evidence at trial included photographic and in-court identifications of Harrison as the perpetrator of the crime. The court found that Harrison had three prior felony convictions and, based on his extensive criminal record, sentenced him to 14 years' imprisonment.

The court had appointed the Pima County Legal Defender's Office (LDO) to represent Harrison for the theft charge on February 16, 1989; Tim Armbruster was chosen. The record does not reflect that Harrison objected to the appointment of the LDO or of Armbruster at any time, except that Harrison allegedly told Armbruster that he did not want an attorney from LDO

because his attorney in a prior, unrelated conviction was also from that office and had been found to have rendered ineffective legal assistance.[1]

Appellant filed an appeal and on February 28, 1990, Harrison filed a petition for post-conviction relief alleging that his trial attorney had unethically continued to represent him after the LDO was found to have provided ineffective assistance of counsel to him in the unrelated case. We stayed the appeal and reinvested jurisdiction in the trial court to hear his petition.

The trial court summarily denied the petition on March 28, 1990, finding that there was no conflict of interest, nor any other basis for a finding of ineffective counsel. Harrison's motion for rehearing was denied and Harrison timely petitioned for review.

## DISCUSSION

■ The granting or denying of a Rule 32 petition is discretionary with the trial court and will not be reversed unless it affirmatively appears that there has been an abuse of discretion. *State v. Watton,* 164 Ariz. 323, 793 P.2d 80 (1990). In addition, where a hearing has been denied, the reviewing court will not find abuse of discretion unless the petition for relief presented a colorable claim for relief, that is one with the appearance of validity wherein defendant's allegations, if true, would have changed the verdict. *State v. Adamson,* 136 Ariz. 250, 665 P.2d 972, cert. denied, 464 U.S. 865, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983).

■ Harrison's only objection to Armbruster's performance was that he failed to withdraw when Harrison told him he did not want another lawyer from the LDO. The trial judge determined that the record presented no issue as to Armbruster's representation of Harrison, and further found that Harrison's "dissatisfaction" with a previous attorney was an insufficient basis

for a finding of ineffective representation by Armbruster. We agree.

■ The rules of professional responsibility define situations where an attorney has a duty to either withdraw or obtain the client's consent to representation because of a conflict of interest. 17A A.R.S. Sup. Ct.Rules of Professional Conduct, Rule 42. These include the situation where a lawyer cannot consider, recommend or carry out an appropriate course of action with a client because of the lawyer's other responsibilities or interests. *State v. Michael,* 161 Ariz. 382, 778 P.2d 1278 (App.1989).

Armbruster was not deterred in any way from zealously representing Harrison because of the previous attorney's conduct. Harrison has raised no other objections of error, misconduct, or adverse interests of Armbruster. In addition, the record is silent concerning any problem with the attorney/client relationship between Harrison and Armbruster.

■ Harrison further contends that the previous attorney's ineffective representation was imputed to the whole LDO, creating a conflict per se, citing the Arizona supreme court case of *Rodriguez v. State,* 129 Ariz. 67, 628 P.2d 950 (1981). However, the rule of imputed disqualification[2] has no application to the factual situation here.

■ The rule's purposes are to protect against disadvantageous disclosure of a former client's confidences and secrets, to promote zealous and loyal representation, and to avoid the appearance of impropriety. *Rodriguez v. State, supra.* The court in *Rodriguez* applied the rule to disqualify the entire public defender's office from representing two clients with potentially conflicting interests where confidential information about one was known to the other's attorney. Such is not the case here. There is no argument presented that his own prior confidences, imputed to Arm-

---

**1.** His previous lawyer had been found by the trial court to have been incompetent in the prior case.

**2.** 17A A.R.S.Sup.Ct.Rules of Professional Conduct, Rule 42, ER, 1.10, provides: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by ER 1.7, 1.8(C), 1.9 or 2.2."

bruster, compromised his present representation. Furthermore, the appearance of impropriety argument, also advanced by Harrison, is too attenuated where Armbruster lacks any basis for a conflict of interest other than the previous lawyer.

We have reviewed the record for fundamental error and found none.

Affirmed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.