871 P.2d 727

Amaechi OKEANI, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Steven D. Sheldon, a judge thereof, Respondent Judge,

**Richard M. ROMLEY, Real Party in Interest.**

No. 1 CA–SA 93–0159.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 28, 1993.

Review Denied May 3, 1994.

Dean W. Trebesch, Maricopa County Public Defender by Timothy J. Ryan, Deputy Public Defender, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Scott Evans and Jessica Gifford Funkhouser, Deputy County Attys., Phoenix, for real party in interest.

**OPINION**

LANKFORD, Judge.

This is a special action review from the trial court's order denying defense counsel's motion to withdraw from the representation of defendant. We previously accepted jurisdiction and granted relief, with an opinion to follow. This is that opinion.

Deputy Maricopa County Public Defender Scott Halverson represented defendant, who was charged with one count of sexual assault, a class 2 felony. After learning that Deputy Public Defender Terri Shaw represented the victim of the alleged assault in an unrelated juvenile matter, Halverson obtained a copy of the police report in the victim's juvenile file from Shaw. Halverson intended to use the juvenile charge to impeach the alleged victim at trial.

Halverson notified the trial court that the Maricopa County Public Defender's Office represented both defendant and the alleged victim. In response, the trial court ordered Halverson to return the police report and refrain from discussing the case with Shaw. Because the trial court barred Halverson from discussing the case with Shaw, Halverson was unable to determine whether the juvenile matter was finally adjudicated.

Halverson then filed a motion to withdraw from representation of defendant, claiming conflict of interest. The trial court denied the motion and defendant petitioned this court for extraordinary relief.

## I.

We accepted jurisdiction of this special action because defendant had no equally plain, speedy and adequate remedy by appeal. Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–4033 provides that a criminal defendant may appeal only from:

(1) a final judgment of conviction;

(2) an order denying a motion for new trial or denying a motion for an arrest of judgment, or from an order made after judgment which affects the substantial rights of a party;

(3) an illegal or excessive sentence.

In this case, defendant seeks relief from an order denying his attorney's motion to withdraw from representation due to a conflict of interest. This is a non-appealable order suitable for special action review. *See Rodriguez v. State,* 129 Ariz. 67, 628 P.2d 950 (1981).

## II.

Because decisions on motions to withdraw are left to the discretion of the trial court, *Agraan v. Superior Ct.,* 4 Ariz.App. 141, 418 P.2d 161 (1966), we will overturn such decisions only when the trial court has abused its discretion, *State v. Gottsfield,* 171 Ariz. 195, 829 P.2d 1241 (App.1992). This is such a case.

The trial court was required to permit withdrawal because the Public Defender's Office could not ethically represent both defendant and the alleged victim. Ethical Rule 1.7, Rule 42, Rules of the Arizona Supreme Court, states the general rule governing conflicts of interest:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implication of the common representation and the advantages and risks involved.

The Public Defender's representation of defendant would have been "directly adverse" to its representation of the alleged victim. Halverson was bound to zealously represent his client, *see* ER 1.3, cmt., including impeachment of a victim witness. Yet because the victim was also a client of the Public Defender's Office, fulfilling the duty to defendant would have adversely affected another client of the same office. Conversely, protecting the victim from impeachment would have injured the defendant. This is clearly a conflict of interest from which the trial court was required to relieve counsel by permitting withdrawal.

The petitioner also suggests that the victim's police report was confidential. According to petitioner, his counsel was unable to obtain the report by subpoena and the police agencies told counsel that the report was confidential. This aggravates the conflict of interest. The victim's lawyer could not reveal confidential information. This rule protects the client from a variety of harms of disclosure and protects the attorney-client relationship. *See* ER 1.6, cmt. Thus, dual representation by the Public Defender's office would not only require defense counsel to represent one client at another's expense, it would require the violation of counsel's duty not to reveal confidential information.[1]

---

1. Even if no confidential information were obtained, however, a conflict exists which requires withdrawal. In *Rodriguez v. State,* our Supreme Court granted special action relief and ordered the trial court to grant withdrawal. Although defense counsel had obtained no confidential data, "the admonition of [former] Canon 9 [Rules of the Arizona Supreme Court], that a lawyer should avoid even the appearance of improprie-

The conflict of interest is not alleviated by the fact that defendant and the victim were represented by different lawyers with the Public Defender's Office. Ethical Rule 1.10(a) provides: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone could be prohibited from doing so by ER 1.7...." *Accord Rodriguez v. State,* 129 Ariz. at 73, 628 P.2d at 956. The superior court's order in this case—that the defense attorneys have no further contact—therefore could not remedy the conflict.

Nor does the conflict evaporate if the alleged victim's juvenile matter were resolved and she thus had become a *former* client of the Public Defender. Ethical Rule 1.9 prohibits representation when the interests of a former client would be adversely affected:

> A lawyer who has formerly represented a client in a matter shall not thereafter:

> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

> (b) use information relating to the representation to the disadvantage of the former client except as ER 1.6 would permit with respect to a client or when the information has become generally known.

The Maricopa Public Defender's continued representation of defendant would have resulted in a violation of the ethical rules. The trial court therefore abused its discretion when it denied defense counsel's motion to withdraw.

CONTRERAS, P.J., and GERBER, J., concur.

---

ty, is especially appropriate." 129 Ariz. at 73, 628 P.2d at 956.