902 P.2d 1344

STATE of Arizona, Appellee,

v.

Paul SUSTAITA, Appellant.

No. 1 CA–CR 93–0575.

Court of Appeals of Arizona,
Division 1, Department A.

Feb. 7, 1995.

Review Denied Sept. 26, 1995.*

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

Paul Sustaita (defendant) appeals from his conviction for aggravated assault and the

* Corcoran, J., of the Supreme Court, did not par- ticipate in the determination of this matter.

sentence imposed. The sole issue raised is whether the representation by the public defender's office of the victim in an unrelated criminal prosecution constituted a sufficient conflict of interest to require the disqualification of another attorney from the public defender's office from representing the defendant. For the reasons that follow, we hold that the trial court did not abuse its discretion in denying a motion raising the alleged conflict of interest, and affirm.

## FACTS AND PROCEDURAL HISTORY

On March 17, 1993, P.R., the victim in this case, had been at defendant's apartment for two days using crack cocaine. Over defendant's objection, she left to return to a nearby motel where she had been living previously. Later that evening, defendant approached P.R. while she was standing on the street speaking with an acquaintance who was a drug dealer. Defendant was angry that P.R. was talking with this person, dragged her into a nearby alley, and stabbed her in the shoulder with a knife. Defendant then apologized for what he had done, and took P.R. to a neighbor's house to call for the police and an ambulance. P.R. and defendant initially agreed to tell the police that P.R. had been stabbed by an unknown black man. After being placed in the ambulance, however, P.R. informed the police that defendant was the person who stabbed her.

Defendant was indicted on one count of aggravated assault, a class 3 dangerous felony. *See* A.R.S. § 13–1204(A)(2). The state further alleged that defendant had eight prior felony convictions, and that he committed the charged offense while on parole, in violation of A.R.S. § 13–604.02.

Prior to trial, the deputy public defender appointed to represent defendant moved for a redetermination of counsel on the grounds that a conflict of interest existed in his representation of defendant. The claimed conflict of interest was based on the fact that another attorney in the public defender's office represented P.R. two years earlier in a criminal case that resulted in her conviction for theft, and then again in two probation revocation proceedings relating to that conviction. The trial court denied the motion upon a finding

that no conflict of interest was created by the prior representation. The trial court explained its reasoning as follows:

> I don't find that it is substantial—that it is substantially related, and it does not bear on this case, and anything that can be used for impeachment is a matter of public record, and that therefore, there is no substantial reason for granting the motion to withdraw, as I don't find that there is any conflict, as the matters are not substantially related, so Mr. Burns will remain as counsel for the defendant.

On other pretrial motions, the trial court ruled that defendant could impeach P.R. and another prosecution witness with their respective prior convictions, but prohibited any mention of P.R.'s probation status or the revocation proceedings. The trial court further limited the state to impeaching defendant with only his two most recent felony convictions.

Upon trial to a jury, defendant was found guilty of aggravated assault. The jury further found the offense to be dangerous. In exchange for the state's withdrawal of the allegation that defendant committed the offense while on parole, defendant admitted to two prior felony convictions. The trial court sentenced defendant to an aggravated term of 15 years in prison with credit for 161 days of presentence incarceration.

Defendant filed a timely notice of appeal. This court has jurisdiction pursuant to A.R.S. §§ 12–120.21, 13–4031, and 13–4033.

## DISCUSSION

Defendant contends that his representation at trial by the public defender's office constituted a conflict of interest or presented at least the appearance of impropriety and requires that he be granted a new trial with new counsel. We disagree.

Decisions on motions to withdraw are left to the discretion of the trial court and will not be overturned absent an abuse of that discretion. *Okeani v. Superior Court,* 178 Ariz. 180, 181, 871 P.2d 727, 728 (App. 1993). In reviewing the trial court's ruling, we are guided by the Rules of Professional

Conduct, Rule 42, Rules of the Arizona Supreme Court. As this case involves the issue of a possible conflict of interest arising from another deputy public defender's representation of a former client, the applicable ethical rules are ER 1.9 and 1.10. ER 1.9 prohibits representation when the interests of a former client would be adversely affected as follows:

A lawyer who has represented a client in a matter shall not thereafter:

(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client consents after consultation; or

(b) use information relating to the representation to the disadvantage of the former client except as ER 1.6 would permit with respect to a client or when the information has become generally known.

The assistant public defender who previously represented P.R. is not the attorney who represented defendant in this case. This case, therefore, raises the issue of imputed disqualification under ER 1.10, that is, if the attorney who represented P.R. would have had a conflict had he represented defendant, whether this conflict is imputed to all attorneys in the public defender's office. ER 1.10 imputes an individual lawyer's ethical conflicts to all members of that lawyer's firm as follows:

While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by ER 1.7, 1.8(c), 1.9 or 2.2.

ER 1.10(a). This case, therefore, raises two issues: (1) whether P.R.'s lawyer would have had a conflict, and, if so, (2) whether this conflict is imputed to defendant's counsel.

 We agree with the trial judge that ER 1.9 was not violated in this case. P.R.'s prior conviction on the theft charge two years earlier had no relation to the offense with which defendant was charged. Therefore, the representation of defendant by P.R.'s prior counsel would not violate subsection (a) of ER 1.9. Furthermore, as the trial court limited any impeachment of P.R. by

her prior conviction to its mere existence, there is no violation of subsection (b) because the conviction is a matter of public record.

 Defendant implicitly acknowledges that there is no actual conflict of interest as he focuses his argument on whether the motion to withdraw should have been granted on the basis of the "appearance of impropriety." [1] He contends that the public defender's office's mere prior representation of P.R. is sufficient to create an appearance of impropriety requiring withdrawal because his current representation placed his counsel in the position of having to impeach the office's former client with a conviction obtained during the prior representation. Although there might have been an appearance of impropriety had P.R.'s former counsel represented defendant, we find insufficient ground in this case to impute any such appearance of impropriety to every member of the public defender's office.

Defendant's reliance on *Okeani* and *Rodriguez v. State*, 129 Ariz. 67, 628 P.2d 950 (1981), as support for his argument is misplaced. Both are distinguishable as they involved situations where the public defender's office had an actual conflict when representing two adverse defendants. In *Rodriguez*, one deputy public defender wanted to defend his client by incriminating another client of the public defender's office. *Rodriguez*, 129 Ariz. at 70–72, 628 P.2d at 953–55. The Arizona Supreme Court, analyzing the former Code of Professional Responsibility, found this gave an appearance of impropriety that required withdrawal of the public defender's office. *Id.* at 74, 628 P.2d at 957. In *Okeani*, this court found a conflict of interest under the current Rules of Professional Conduct where the deputy public defender who represented a defendant in a sexual assault case obtained confidential information about the victim from the victim's file at the public defender's office on an unrelated juvenile matter where the victim was represented by another deputy public defender. *Okeani*, 178 Ariz. at 181, 871 P.2d

---

**1.** Although the phrase "appearance of impropriety" is not included within the current Rules of Professional Conduct, it still remains a viable ethical principle for the courts to consider with

respect to conflict of interest claims. *Gomez v. Superior Court*, 149 Ariz. 223, 225, 717 P.2d 902, 904 (1986).

at 728. The conflicts of interest at issue in *Rodriguez* and *Okeani* are not present in this case, which involves no attempt to incriminate P.R. and no allegation that the public defender obtained confidential information about the victim from the public defender office's files that would be used to the victim's detriment.

■ We decline to adopt a rule disqualifying the entire public defender's office any time that office has represented the victim of a crime.[2] Although the "appearance of impropriety" is a relevant inquiry, something more than a mere showing of prior representation of a victim is required before the entire public defender's office is disqualified from representing a defendant. In this case, there was no attempt to improperly use information obtained from the prior representation of P.R. The only evidence ruled admissible for impeachment purposes related to matters of public record. *Cf.* Comment to ER 1.9 ("Information acquired by the lawyer in the course of representing a client may not subsequently be used by the lawyer to the disadvantage of the client. However, the fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client"). To the extent one could view this situation as giving the appearance of a conflict of interest, we conclude that it is so remote that disqualification was not required. *See Gomez v. Superior Court*, 149 Ariz. 223, 225–26, 717 P.2d 902, 904–05 (1986); *State v. Harrison*, 165 Ariz. 557, 559–60, 799 P.2d 898, 900–01 (App.1990).

## CONCLUSION

Under the circumstances, we find neither a conflict of interest nor an appearance of impropriety that would require that the entire public defender's office withdraw as counsel for defendant. Thus, the trial court did not abuse its discretion in denying defendant's motion for redetermination of counsel.

We have reviewed the record for error pursuant to A.R.S. § 13–4035 and have found none. Accordingly, defendant's conviction and sentence are affirmed.

CONTRERAS and TOCI, JJ., concur.

---

**2.** It can be argued that ER 1.10, imputed disqualification, does not apply to the public defender's office. *See* ER 1.10, Comment at 365–66 (definition of "firm" does not include governmental offices such as the public defender's office; imputed disqualification applies to lawyers in a "firm"); *Turbin v. Superior Court*, 165 Ariz. 195, 197–98, 797 P.2d 734, 736–37 (App.1990) (ER 1.10 applies to private law firms, not government law offices). *See also* Gregory G. Sarno, Annot., *Circumstances Giving Rise to Prejudicial Conflict of Interests Between Criminal Defendant and Defense Counsel—State Cases*, 18 A.L.R.4th 360 (1982 and 1994 supp.). Because we find that ER 1.10 was not violated in this case, we need not reach this issue.