**Pietro HICKEY, Movant/Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. ED 93397.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 6, 2010.

Gwenda Renee Robinson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Mary H. Moore, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The movant, Pietro Hickey, appeals the denial of his Rule 29.15 motion for postconviction relief without an evidentiary hearing. The movant claims that trial counsel was ineffective, first—for laboring under an actual conflict of interest, and second—for inducing the movant's unknowing, unintelligent, and involuntary waiver of his right to testify. We affirm the motion court's determination, without an evidentiary hearing, that counsel did not labor under an actual conflict of interest and thus was not ineffective. We hold, however, that the motion court clearly erred in denying an evidentiary hearing to the movant on his claim that counsel misled him into unknowingly and involuntarily waiving

his right to testify. We reverse and remand for the limited purpose of holding an evidentiary hearing to determine the veracity of the movant's claim that counsel misled him into waiving his right to testify.

On February 10, 2006, a man wielding a scalpel robbed a gas station in St. Charles, Missouri. The State charged the movant with one count of first-degree robbery, in violation of section 569.020 RSMo. (2000), and one count of armed criminal action, in violation of section 571.015. An attorney from the public defender's office in St. Charles County represented the movant. The movant proceeded to trial in December 2006, where the movant's long-time friend and former roommate ("witness") testified for the prosecution. The witness testified that he received no deals from the State in exchange for his testimony against the movant. On cross-examination, the witness confirmed that he was then incarcerated for felony forgery, and that he also had a felony conviction for stealing and misdemeanor convictions for driving while intoxicated and passing a bad check. After the jury convicted the movant, the Circuit Court of St. Charles County entered judgment against him. The court sentenced the movant to concurrent terms of imprisonment of fifteen years for the robbery and three years for the armed criminal action.

At sentencing, the movant expressed dissatisfaction with trial counsel's performance, complaining that she failed to do a number of things the movant had requested. The movant filed his *pro se* motion for post-conviction relief at the sentencing hearing. This Court affirmed the movant's convictions on direct appeal,[1] and the movant then filed an amended motion for post-conviction relief. The court denied the motion without an evidentiary hearing.

Our review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Williams v. State,* 168 S.W.3d 433, 439 (Mo. banc 2005); *Becker v. State,* 260 S.W.3d 905, 907 (Mo.App. E.D. 2008). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, this Court is left with a definite and firm impression that a mistake has been made. *Williams,* 168 S.W.3d at 439; *Becker,* 260 S.W.3d at 907.

The movant alleges ineffective assistance of counsel. To show ineffective assistance of counsel, a movant must demonstrate: (1) that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) that counsel's deficient performance prejudiced the defense by showing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Williams,* 168 S.W.3d at 439 (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *Becker,* 260 S.W.3d at 907. A reasonable probability is one sufficient to undermine confidence in the proceeding's outcome. *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005). A movant must satisfy both elements of the *Strickland* test in order to obtain relief. *Becker,* 260 S.W.3d at 907.

The motion court in this case denied the movant's claim without an evidentiary hearing. To receive an evidentiary hearing on a Rule 29.15 motion, a movant must meet the following three requirements: (1) the motion must allege facts, not conclusions, that warrant relief; (2) the facts alleged must raise matters not

1. *State v. Hickey,* 247 S.W.3d 593 (Mo.App. E.D.2008).

refuted by the record; and (3) the facts alleged must establish prejudice to the movant. *Id.*

In his first point, the movant claims that trial counsel was ineffective for laboring under an actual conflict of interest that adversely affected counsel's performance and prejudiced the movant at trial. The movant maintains that counsel previously represented a witness against the movant on criminal charges, and the movant did not knowingly or voluntarily consent to representation by the same attorney. The movant contends that because of her former representation of the witness, trial counsel did not thoroughly impeach the witness with all of his prior convictions of which trial counsel had knowledge. Had trial counsel thoroughly impeached the witness, the movant argues, a reasonable probability exists that the jury "would have had a significantly different impression of [the witness's] testimony," and would have acquitted the movant.

The motion court concluded that no conflict of interest existed, and that the movant failed to show prejudice. The motion court also noted that trial counsel did, in fact, cross-examine the witness about four of his prior convictions and his current incarceration, neglecting to impeach the witness only as to one prior misdemeanor conviction for driving while intoxicated.[2]

To prevail on a claim of ineffective assistance of counsel based on a conflict of interest, the movant must show that an actual conflict of interest adversely affected counsel's performance. *Price v. State,* 171 S.W.3d 154, 157 (Mo.App. E.D. 2005). "In order to prove a conflict of interest, something must have been done by counsel or something must have been forgone by counsel and lost to [the movant], which was detrimental to the interests of [the movant] and advantageous to another." *Id.* (quoting *Helmig v. State,* 42 S.W.3d 658, 680 (Mo.App. E.D.2001)); *State v. Johnson,* 549 S.W.2d 348, 350 (Mo. App.St.L.Dist.1977). A conflict of interest such as to deny the movant effective assistance of counsel must be shown by evidence. *Id.* We presume prejudice only if the movant proves that counsel actively represented conflicting interests and that an actual conflict adversely affected counsel's performance. *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052; *Price,* 171 S.W.3d at 157.

Only when the movant shows that counsel actively represented conflicting interests has the movant established the constitutional predicate for a claim of ineffective assistance. *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The possibility of conflict is insufficient to impugn a criminal conviction. *Id.* Rather, in order to demonstrate a violation of the Sixth Amendment right to counsel, the movant must establish that an actual conflict of interest adversely affected counsel's performance. *Id.* "Furthermore, the mere existence of a possible conflict of interest does not automatically preclude effective representation." *Helmig,* 42 S.W.3d at 680. Justice Marshall provided a helpful distinction between a possible and actual conflict of interest in *Cuyler.*

> There is a possibility of conflict, then, if the interests of the defendants may diverge at some point so as to place the attorney under inconsistent duties. There is an actual, relevant conflict of interests if, during the course of the representation, the defendants' interests

2. Our review of the briefs and record reveals that the witness is alleged to have an additional misdemeanor conviction for driving while license revoked, which was not adduced on cross-examination, but this does not alter our analysis.

do diverge with respect to a material factual or legal issue or to a course of action.

446 U.S. at 356 n. 3, 100 S.Ct. 1708 (Marshall, J., concurring in part and dissenting in part).

The initial question is whether an actual conflict of interest existed under our circumstances. We conclude that none did. A conflict of interest such as to deny the movant effective assistance of counsel must be shown by evidence. *Johnson,* 549 S.W.2d at 350. In order to evidence a conflict of interest, something must have been done by counsel or something must have been forgone by counsel and lost to the movant that was detrimental to the movant's interests and advantageous to another. *Helmig,* 42 S.W.3d at 680; *Johnson,* 549 S.W.2d at 350. No such evidence appears in the record. We see nothing to suggest that counsel acted or failed to act in any way that was detrimental to the movant's interests and advantageous to the witness or any other person.

Here, trial counsel concluded her representation of the witness before the robbery in this case even occurred. The witness was not a co-defendant of the movant. None of the charges on which trial counsel or her colleagues represented the witness are alleged to be related to the movant's case in any manner. Furthermore, the record reveals that the witness received no benefit in exchange for his testimony against the movant. The movant alleges only that trial counsel failed to fully impeach the witness with all of his convictions known to counsel because the witness was counsel's former client. The movant identified nine cases, alleging that trial counsel, or another attorney from the same public defender's office, represented the witness in those matters.[3] Again, the movant does not allege that any of the identified matters are related to his case. The movant complains of the witness's convictions in 2003 and 2005 for misdemeanor driving while intoxicated, a 2005 felony conviction for forgery, a 2005 conviction for misdemeanor driving while license revoked, and a 2006 felony conviction for stealing. The movant also complains about two cases that the record reveals the State dismissed, and two cases that the State appears to have charged in 2008, more than one year after the movant's trial.

On cross-examination, the witness admitted that he was imprisoned for felony forgery at the time of trial, and also that he had convictions for felony stealing, misdemeanor passing a bad check, and misdemeanor driving while intoxicated. Trial counsel could not impeach the witness about the two cases the State dismissed because they did not result in convictions, and counsel could not ask about the two cases that the State would later file against the witness. Thus, the remaining convictions the movant identifies, with which trial counsel could have impeached the witness, but did not do so, were merely

3. The movant's implication that a conflict existed where another attorney from the same public defender's office represented the witness in unrelated matters lacks merit. In *State v. Morrow,* the fact that two attorneys from the public defender system defended both co-defendants did not create a conflict of interest, and the motion court properly denied the movant's claim. 941 S.W.2d 19, 22 (Mo.App. W.D.1997). The ethical considerations that might arise in private law firms in civil litigation do not necessarily apply to the public defender's office. *State ex rel. Public Defender Comm'n v. Bonacker,* 706 S.W.2d 449, 451 (Mo. banc 1986). "In addition, the public defender commission has general authority to erect so-called 'Chinese walls' within its office, assuring that an attorney whose responsibilities are in conflict with another member of the staff will not be influenced by that association." *Moore v. State,* 934 S.W.2d 289, 292 (Mo. banc 1996).

a misdemeanor driving while intoxicated and a misdemeanor driving while license revoked.

Trial counsel impeached the witness with four convictions, including all of his felonies. Three of the convictions revealed on cross-examination—forgery, stealing, and passing a bad check—plainly involved dishonesty, and that would have been apparent to the jury. We fail to see how the jury "would have had a significantly different impression of [the witness's] testimony" had the jury known of the witness's two additional misdemeanors. We conclude that trial counsel, having effectively impeached the witness with felony convictions involving dishonesty, would not have provided more effective representation by adducing evidence that the witness also had convictions for misdemeanor driving while intoxicated and misdemeanor driving while license revoked. Thus we find no actual conflict of interest adversely affected counsel's performance. The facts do not show that counsel did something, or that something was forgone by counsel and lost to the movant that was detrimental to the movant's interests and advantageous to another.

We recognize that some Missouri cases state that an attorney who represents both the defendant and a prosecution witness in the case against the defendant represents conflicting interests. *See, e.g., Ciarelli v. State,* 441 S.W.2d 695, 697 (Mo.1969);[4] *Gordon v. State,* 684 S.W.2d 888, 890 (Mo. App. W.D.1985); *State v. Risinger,* 546 S.W.2d 563, 565 (Mo.App.Sprgfld.Dist. 1977); *State v. Cox,* 539 S.W.2d 684, 687 (Mo.App.St.L.Dist.1976). "But this rule evolved out of representation of co[-]defendants or persons charged in related criminal matters." *Johnson,* 549 S.W.2d at 350. Furthermore, such a *per se* rule would fail to acknowledge that to establish an actual conflict, counsel must have done something or failed to do something that was then lost to the movant, and that was detrimental to the movant's interests and advantageous to another's interests. Indeed, *Ciarelli, Cox,* and *Risinger* involved representation of defendants in related cases where one defendant testified against the other. In *Gordon* and *Risinger,* a defendant obtained a more favorable disposition of his own charges in exchange for testifying against the movant.

In *Gordon,* a prosecution witness testified that he stole a gun and gave it to the movant on the night of the murder. 684 S.W.2d at 889. The movant's trial counsel directly participated in successful efforts to obtain a favorable outcome in other criminal matters for the witness, and even asserted on the record the witness's role in the movant's murder trial as a basis for leniency. *Id.* at 890. The State did not charge the witness in connection with the stolen gun. *Id.* at 891.

In *Risinger,* the attorney appointed to represent the movant had represented a prosecution witness in a related case. 546 S.W.2d at 564–65. The witness had pleaded guilty and received a suspended execution of sentence and probation in exchange for his testimony against the movant. *Id.* at 564. Furthermore, the movant's trial counsel had obtained confidential information about the witness's juvenile activities in the course of representing the witness in the related case, and counsel could not ethically reveal that information in undertaking cross-examination of the witness in the movant's trial. *Id.* at 566.

*Ciarelli, Gordon, Risinger,* and *Cox* involved more than previous representation of a prosecution witness in unrelated mat-

4. *Ciarelli* involved privately retained attorneys in the same firm. 441 S.W.2d at 696.

ters. Rather, these cases involved related offenses or other facts, such as a favorable plea bargain for the witness, that evidenced an actual conflict of interest—something done or not done by counsel and lost to the movant, that was detrimental to the movant and advantageous to another. This is not the case here. This case is more akin to *State v. Dunmore,* where the record revealed that the movant's trial counsel had previously served as a public defender, and in that capacity, filed an appellate brief for the person the movant allegedly hired to commit a murder. 822 S.W.2d 509, 511, 513 (Mo.App. W.D.1991). The *Dunmore* Court held that the movant's claimed conflict of interest did not show ineffective assistance of counsel. *Id.* at 513. Here, the movant has failed to establish evidence of something done, or not done by counsel and lost to the movant, that was detrimental to the movant and advantageous to the witness. Thus, the movant has failed to allege facts establishing an actual conflict of interest that would entitle him to relief. And because the movant has failed to establish an actual conflict adversely affecting counsel's performance, we do not presume prejudice. *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052. Consequently, the movant would have to establish prejudice in order to be entitled to an evidentiary hearing or to establish ineffective assistance of counsel. *Becker,* 260 S.W.3d at 907. For the same reasons that the movant has failed to show that counsel's performance was adversely affected, he has failed to establish prejudice.

We recognize that the possibility for conflict exists in circumstances such as the movant's. However, the mere possibility of conflict is insufficient to impugn a criminal conviction. *Cuyler,* 446 U.S. at 350, 100 S.Ct. 1708. Rather, the movant must establish that an actual conflict of interest adversely affected counsel's performance. *Id.* Under the facts present here, the movant has not done so. We deny the movant's first point.

In his second point, the movant claims that trial counsel was ineffective for inducing the movant to unknowingly and involuntarily waive his right to testify at trial. The movant waived his right to testify immediately before the defense began its case. The movant argues that he wanted to testify to an alibi, but that counsel misled him into believing that she would present his alibi defense through other evidence so that the movant would not have to testify and disclose his criminal history. The movant contends that had he known his proposed testimony comprised the only evidence of his alibi, he would have testified, despite his criminal record.

Generally, trial counsel's advice whether to testify is a matter of trial strategy, and does not constitute a ground for post-conviction relief, absent exceptional circumstances. *Kuhlenberg v. State,* 54 S.W.3d 705, 708 (Mo.App. E.D.2001). However, a defendant's right to testify on his own behalf is fundamental, and only that individual can waive the right. *Simmons v. State,* 100 S.W.3d 143, 146 (Mo. App. E.D.2003). A waiver of the right to testify, like a waiver of other constitutional rights, should be made voluntarily and knowingly. *State v. Blewett,* 853 S.W.2d 455, 460 (Mo.App. W.D.1993)(quoting *United States v. Bernloehr,* 833 F.2d 749, 751 (8th Cir.1987)). Unless the record conclusively shows that the movant voluntarily and knowingly waived the right to testify, an evidentiary hearing on the issue is necessary. *Simmons,* 100 S.W.3d at 146.

Here, the movant alleged that he informed counsel before trial that he had an alibi, provided details, and asked counsel to investigate. The movant asserted that

trial counsel led him to believe she would present his alibi defense through other means, and advised him not to testify so that he would not have to reveal his criminal history. The movant contends that he followed counsel's advice, believing that counsel would nonetheless present evidence of his alibi, which she ultimately failed to do. The movant does not allege that counsel incompetently advised him not to testify, nor does he deny that he informed the court of his decision not to testify. Rather, he claims that he unknowingly waived his right due to counsel's misrepresentation. The movant asserts he would not have waived his right had he known that counsel would not present the alibi defense through other witnesses.

Pointing to the movant's waiver on the record, the motion court found that the record refutes the movant's claim. We disagree. The record does not conclusively refute the movant's allegation that counsel caused him to make an *unknowing* waiver of his right to testify. The motion court also cited testimony of the State's witnesses regarding the movant's whereabouts a few hours before, and at the time of, the robbery. Perhaps the trial court cited this testimony to suggest that the movant did not suffer prejudice. But we presume that a violation of a constitutional right of this magnitude is prejudicial. *Blewett,* 853 S.W.2d at 461. Or perhaps the trial court pointed to this testimony to suggest that the jury would not have believed the movant's alibi. But when the issue is the movant's knowing waiver of the right to testify, the court's opinion that the movant's testimony would not have been believed is irrelevant. *State v. Young,* 882 S.W.2d 291, 293 (Mo.App. W.D. 1994).

Similarly, the State's argument misses the heart of the movant's claim. In its brief, the State first argues that the movant waived his right to testify by informing the court that he did not wish to testify. But this does not show conclusively that the movant's waiver was knowing. The State next points out that in expressing dissatisfaction with counsel's performance, the movant failed to raise the issue of either an alibi defense or his right to testify. This again does not conclusively show that the movant knowingly waived his right to testify. The State also argues that the movant's alibi testimony would not have been admitted because he failed to file a proper notice of an alibi, and that the movant's testimony would not have provided him with a defense. The issue, however, is not whether the movant could present an alibi believed by the jury, but rather whether the movant knowingly waived his right to testify.

We reiterate that violation of a constitutional right of the magnitude of the right to testify is presumed prejudicial. *Blewett,* 853 S.W.2d at 461. Furthermore, the movant pleaded that he was prejudiced. He argued that had he responded to the State's evidence with his alibi testimony, a reasonable probability exists that the jury would have acquitted him.

The movant has pleaded facts, which if true, entitle him to relief on his claim of ineffective assistance of counsel and waiver of his right to testify. The only way to determine whether the movant knowingly and voluntarily waived his right to testify is through an evidentiary hearing. The motion court clearly erred in denying an evidentiary hearing to the movant on his claim that counsel misled him into making an unknowing and involuntary waiver of his right to testify. We reverse and remand for the limited purpose of holding an evidentiary hearing to determine the veracity of the movant's claim that counsel misled him into waiving his right to testify.

In all other respects, we affirm the motion court's judgment.

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.