

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| HENRY FRAZIER, | ) | No. ED99517 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable David C. Mason |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: March 11, 2014 |

### *Introduction*

Henry Frazier (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Movant claims that the motion court erred in denying his claims that: (1) trial counsel and appellate counsel were ineffective because they failed to withdraw due to a conflict of interest; (2) the prosecutor committed a <u>Brady</u>[1] violation; and (3) trial counsel failed to investigate and impeach the victim. We affirm.

### *Factual and Procedural Background*

On the night of September 23, 2007, Movant, Jeffrey Wilson, and "Tony G." approached Tracy Dennis while he was sitting on a park bench. Movant punched Mr. Dennis, and Movant, Mr. Wilson, and Tony G. "started boxing" Mr. Dennis. Mr. Wilson eventually threw Mr. Dennis to the ground and held him. As Mr. Dennis fought Mr. Wilson, Mr. Dennis felt something cut

---

[1] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

his back and saw Movant holding a box cutter. Movant slashed Mr. Dennis' face with the box cutter, and ran away with Mr. Wilson and Tony G. Approximately a month later, Mr. Dennis observed Movant and Mr. Wilson. Mr. Dennis approached Officer Anthony Ewing and identified Movant as the man who cut him. Officer Ewing placed Movant under arrest.

The State charged Movant with assault in the first degree and armed criminal action. At trial, the State presented the testimony of Mr. Dennis and Officers David Batteast, Anthony Ewing, Christopher Seger, and Jocelyn Mercier from the St. Louis Metropolitan Police Department. Mr. Dennis testified that Movant and two other men approached him from behind and punched him. He testified that when he was on the ground, Movant held the box cutter over him and stabbed him with it.

Movant presented the testimony of his wife Joanna Frazier. Movant also testified in his own defense. Movant testified that he, Mr. Wilson, and Tony G. were sitting on a bench near Mr. Dennis and his two friends when Mr. Dennis got "loud and obnoxious" and "all in [Movant's] face." Movant hit Mr. Dennis and the six men started fighting. Mr. Dennis' friends pulled Movant away from the fight and Tony G. cut Mr. Dennis several times with the box cutter.

The jury found Movant guilty of assault in the first degree and armed criminal action. The trial court sentenced Movant as a persistent offender to concurrent terms of twenty years for assault in the first degree and ten years for armed criminal action. This court affirmed Movant's conviction and sentence in State v. Frazier, 326 S.W.3d 506 (Mo.App.E.D. 2010).

Movant filed a Rule 29.15 motion for post-conviction relief, which counsel later amended. In his motion, Movant alleged, among other things, that: (1) trial and appellate counsel were ineffective in failing to withdraw from representing Movant because counsel had

an actual conflict of interest in that different lawyers from the Missouri State Public Defender System (MSPD) represented both Movant and Mr. Dennis at the same time on unrelated charges; (2) the State violated <u>Brady</u> when it failed to disclose to Movant Mr. Dennis' prior convictions and pending cases; and (3) trial counsel were ineffective in failing to investigate and impeach Mr. Dennis with his prior convictions and pending cases.

The motion court held an evidentiary hearing on Movant's motion at which trial counsel,[2] appellate counsel, Mr. Dennis' trial counsel, and Mr. Dennis' appellate counsel testified. Movant also introduced evidence of Mr. Dennis': (1) three convictions for driving while suspended (DWS) that occurred on April 5, 1999, October 19, 2000, and August 5, 2001; and (2) two criminal cases that were pending at the time of Movant's trial.[3]

The motion court denied Movant's Rule 29.15 motion following the evidentiary hearing, on the grounds that Movant failed to: (1) demonstrate prejudice with respect to his conflict of interest claim; (2) raise the <u>Brady</u> violation in his direct appeal; and (3) demonstrate prejudice with respect to his claim that counsel failed to investigate and impeach Mr. Dennis. Movant appeals.

### *Standard of Review*

Our review of a denial of a motion for post-conviction relief is limited to determining whether the trial court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are erroneous if, after reviewing the entire record, we are left with the definite impression that a mistake has been made. <u>Zink v. State</u>, 278 S.W.3d 170, 175

---

[2] Original trial counsel entered his appearance on January 10, 2008. Replacement trial counsel entered her appearance on November 11, 2008. Both trial counsel testified at the hearing.
[3] In one case, Mr. Dennis was convicted of two counts of misdemeanor assault of a law enforcement officer. Mr. Dennis was acquitted in his second case.

(Mo. banc 2009). In making this determination, we presume that the motion court's findings are correct. Id.

*Discussion*

1. Conflict of interest

In his first point, Movant alleges that the motion court erred in denying his claim that trial and appellate counsel operated under a conflict of interest. Specifically, Movant asserts that: (1) MSPD lawyers concurrently represented him and the victim, Mr. Dennis; and (2) MSPD appellate lawyers concurrently represented him and Mr. Dennis. Movant argues that the MSPD's "dual representation of both [Movant] and [Mr. Dennis] constitutes a concurrent conflict of interest" and is presumptively prejudicial. Alternatively, Movant argues that he demonstrated prejudice because "his attorneys' performance was directly and substantially affected by the conflict." The State counters that the motion court did not err because Movant failed to: (1) prove an actual conflict of interest; and (2) demonstrate prejudice because Movant's counsel were unaware that the MSPD represented Mr. Dennis during the time that counsel represented Movant.

Movant contends that the MSPD's concurrent representation of Movant and Mr. Dennis constitutes a conflict of interest, and therefore, Movant is not required to demonstrate prejudice to warrant relief. To support his contention, Movant relies on State ex rel. Horn v. Ray, 325 S.W.3d 500 (Mo.App.E.D. 2010) and Okeani v. Superior Court, 178 Ariz. 180 (Ariz.Ct.App. 1993) (cited with approval in Horn, 325 S.W.3d at 506). In Horn, the State petitioned the court for a writ of prohibition to disqualify counsel from simultaneously representing the defendant and the victim in an assault case. Id. at 503-04. We concluded that, "[u]nder the Missouri Supreme Court Rules of Professional Conduct, counsel's dual representation of both the

4

defendant and his alleged victim… in the State's prosecution of the defendant for the crime allegedly committed against the victim constitutes a concurrent conflict of interest, to which a client cannot consent" because "the interests of the defendant and the victim are necessarily adverse." Id. at 503, 506.

Movant asserts that the holding in Horn extends specifically to his case based on the Okeani case. In Okeani, an Arizona appellate court granted extraordinary relief to a public defender from the denial of his motion to withdraw from representing the defendant. 178 Ariz. at 182. The court concluded that a conflict of interest existed due to the public defender's concurrent representation of the defendant and his victim in an unrelated matter. Id. at 181.

Contrary to Movant's assertion, Movant's case is entirely distinguishable from Horn and Okeani. Here, Movant claims a conflict of interest in a post-conviction motion while in Horn and Okeani, the issue was raised before trial.[4] In his brief, Movant acknowledges that different standards apply to conflict of interest claims raised before trial and after trial, stating that a reviewing court presumes prejudice only where the trial court refuses to allow a lawyer to withdraw due to a conflict of interest. He further states that "[i]n un-objected to situations, the reviewing court considers (1) whether an actual conflict of interest exists and (2) whether counsel's performance was adversely affected." Because Movant advised the trial court of the alleged conflict of interest following his trial and conviction, we presume prejudice "only if the movant proves that counsel actively represented conflicting interests and that an actual conflict

---

[4] Movant also cites Holloway v. Arkansas, 435 U.S. 475 (1978), and Wood v. Georgia, 450 U.S. 261 (1981), to support his assertion "that under the facts and circumstances of his case, no demonstrable prejudice is required for reversal." Those cases are also distinguishable. In Holloway, the defendant raised the conflict of interest issue before trial and the Court held that when a trial court improperly requires joint representation of co-defendants by an attorney over a timely objection, prejudice is presumed. 435 U.S. at 489. In Wood v. Georgia, the Court remanded the case for the court to determine whether an "actual conflict of interest existed." 450 U.S. at 273.

adversely affected counsel's performance." Hickey v. State, 328 S.W.3d 225, 228 (Mo.App.E.D. 2010).

In conflict of interest claims raised in a post-conviction motion, "the mere existence of a possible conflict of interest does not automatically preclude effective representation." Conger v. State, 398 S.W.3d 915, 919 (Mo.App.E.D. 2013). "A conflict of interest such as to deny the movant effective assistance of counsel must be shown by evidence." Hickey, 328 S.W.3d at 228. "In order to evidence a conflict of interest, something must have been done by counsel or something must have been forgone by counsel and lost to the movant that was detrimental to the movant's interests and advantageous to another." Id. at 229. Although Movant alleges that "his attorneys' performance was directly and substantially affected by the conflict," he fails to identify facts supporting his assertion.

The record reveals the following as to the MSPD's concurrent representation of Movant and Mr. Dennis: MSPD trial lawyers concurrently represented Movant and Mr. Dennis. Mr. Dennis' cases were unrelated to Movant's prosecution. While representing Movant, trial counsel signed a continuance memorandum for Mr. Dennis' cases, resetting his trial from December 12, 2008 to January 15, 2009.[5] Movant was convicted on January 20, 2009 following a jury trial, and subsequently, Mr. Dennis was convicted on one of his cases. During Movant's appeal, MSPD appellate lawyers concurrently represented Movant and Mr. Dennis.

At the hearing on Movant's post-conviction motion, trial and appellate counsel testified that they were unaware that the MSPD concurrently represented Movant and Mr. Dennis. Trial counsel testified that they did not speak with Mr. Dennis' counsel about Movant's case and the MSPD's representation of Mr. Dennis did not affect their handling of Movant's case. The trial

---

[5] Mr. Dennis' case was again reset for trial on January 15, 2009 and February 26, 2009.

6

counsel who signed Mr. Dennis' request for a continuance did not remember signing but recognized her signature on the document.[6] Appellate counsel testified that she was unaware that another MSPD lawyer from the same appellate "team" concurrently represented Mr. Dennis. Appellate counsel testified that she did not speak to Mr. Dennis' appellate counsel about either Movant's or Mr. Dennis' case.

Movant has failed to establish evidence of "something done," or "forgone" by counsel and lost to him, that was detrimental to Movant and advantageous to Mr. Dennis. Neither trial nor appellate counsel were aware of the MSPD's concurrent representation of Movant and Mr. Dennis, Movant's case and Mr. Dennis' cases did not involve related offenses, and there is no evidence that the State offered Mr. Dennis a favorable plea bargain, which might evidence an actual conflict of interest. See Hickey, 328 S.W.3d at 230. This court has rejected a per se rule finding a conflict of interest exists where an attorney represents both the defendant and a prosecution witness in the case against the defendant because such a rule "would fail to acknowledge that to establish an actual conflict, counsel must have done something or failed to do something that was then lost to the movant, and that was detrimental to the movant's interests and advantageous to another's interests." Id. Accordingly, because Movant failed to identify evidence to support a finding that an actual conflict of interest existed, the motion court did not err in denying Movant's claim. Point denied.

2. *Brady* violation

In his second point, Movant asserts that the motion court clearly erred in denying his claim that the State: (1) violated principles articulated in Brady when it failed to disclose to Movant's counsel Mr. Dennis' pending criminal cases and prior convictions; and (2) failed to

---

[6] Mr. Dennis' trial counsel testified that replacement trial counsel likely signed Mr. Dennis' continuance memorandum because she was covering the docket for the MSPD office that day.

correct the record when Mr. Dennis stated that he had a "clean record" in his deposition and "didn't do crime" at trial. Movant alleges that the State's misconduct prejudiced him, preventing him from effectively impeaching Mr. Dennis, the State's only eye-witness. The State contends that Movant's claim should have been raised on direct appeal and was not a "rare and exceptional circumstance." The State also contends that Movant was not prejudiced because he thoroughly impeached Mr. Dennis during cross-examination and argued Mr. Dennis' lack of credibility during closing argument.

As an initial matter, we address the State's contention that Movant's claim is not cognizable under Rule 29.15 because the claim should have been raised on direct appeal. Generally, a Rule 29.15 motion is not a substitute for a direct appeal. State v. Tolliver, 839 S.W.2d 296, 298 (Mo. banc 1992). Claims of trial error will only be considered in a post-conviction proceeding "where fundamental fairness requires, and then, only in rare and exceptional circumstances." Tisius v. State, 183 S.W.3d 207, 212 (Mo. banc 2006). A nondisclosure claim where a movant was unaware of the State's nondisclosure at the time of appeal and unable to include evidence in the record on appeal is a rare and exceptional circumstance and cognizable in a Rule 29.15 motion. Buck v. State, 70 S.W.3d 440, 446 (Mo.App.E.D. 2000). In such a circumstance, a movant "cannot be faulted for failing to raise the nondisclosure of evidence that he did not know about" and a "Rule 29.15 motion represents his only opportunity to correct the prosecution's nondisclosure." Id. at 445-46.

The record supports the motion court's finding that Movant "knew that Mr. Dennis had the harassing and misdemeanor assault priors at the time of trial" and therefore should have raised the State's nondisclosure of those priors on direct appeal. At trial, trial counsel cross-examined Mr. Dennis about his criminal history and Mr. Dennis admitted pleading guilty to

8

harassment in 2000. Trial counsel asked if he "remember[ed] pleading guilty to other crimes other than harassment." The State asked to approach the bench, and the following conversation occurred at the sidebar:

> [Trial counsel:] … I thought the State said [Mr. Dennis] had a second [conviction], but I was not provided with that information.
> [Prosecutor:] I believe this is the only conviction that he has. He said he has pled guilty to traffic violations. I think that's what he was talking about.
> [Court:] So there is no second?
> [Prosecutor:] No.

The State recalled Mr. Dennis the following day to clarify his criminal record. Mr. Dennis testified that in addition to his harassment conviction in 2000, he pleaded guilty to misdemeanor assault of a law enforcement officer in the third degree in 2002. Because Movant was aware of Mr. Dennis' prior harassment and assault convictions at the time of appeal, Movant should have raised his Brady claim as it related to those charges on direct appeal.

However, the record does not support the motion court's finding with regard to Mr. Dennis' three prior DWS convictions and two pending cases. At the evidentiary hearing, trial counsel testified that the State failed to provide a list of Mr. Dennis' prior convictions and pending criminal cases. Trial counsel also testified that she was unaware of Mr. Dennis' criminal record, and had she known about Mr. Dennis' prior convictions and pending criminal cases, her trial strategy and preparation would have been different. Because Movant was unaware of the State's nondisclosure of Mr. Dennis' three misdemeanor DWS convictions and two pending criminal cases, his claim relating to those nondisclosures constitutes a rare and exceptional circumstance that is cognizable in his post-conviction relief motion. Id. at 445-46.

To prevail on a post-conviction relief claim based on a Brady violation, a movant must show that: (1) the evidence at issue is favorable to him, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the State, either willfully or

inadvertently; and (3) he was prejudiced. State v. Moore, 411 S.W.3d 848, 854 (Mo.App.E.D. 2013). The State disputes neither that Mr. Dennis' prior convictions and pending cases constitute impeachment evidence nor that it failed to disclose the impeachment evidence to Movant.[7] Accordingly, we only address whether Movant was prejudiced by the State's nondisclosure of Mr. Dennis' three misdemeanor DWS convictions and two pending cases.

A movant is prejudiced by the State's nondisclosure of impeachment evidence if the evidence is material. See State v. Reed, 334 S.W.3d 619, 626 (Mo.App.E.D. 2011) ("Prejudice in [the] context [of a Brady violation] is interchangeable with materiality."). Evidence is material if "there is a reasonable probability that its disclosure to the defense would have caused a different result in the proceeding." Id. If "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict then the materiality standard is established." State v. Engel, 304 S.W.3d 120, 128 (Mo.banc 2010). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Id.

Movant contends that he was prejudiced because he would have used Mr. Dennis' prior convictions and pending criminal cases to impeach him as an "unreliable, biased perjurer." However, our review of the record reveals that Movant impeached Mr. Dennis with his prior

---

[7] In its brief, the State asserts that under Rule 25.03, it was not required to provide Movant with Mr. Dennis' prior misdemeanor convictions and pending cases. Although the State may not have violated its duty to disclose under Missouri discovery rules, the scope of its duties differ under Brady. Moore, 411 S.W.3d at 853. Brady requires the State "to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment." State v. Goodwin, 43 S.W.3d 805, 812 (Mo.banc 2001). "Moreover, the State must disclose, even without request, exculpatory evidence, including evidence that may be used to impeach a government witness." Moore, 411 S.W.3d at 854 (internal quotation omitted). "Suppression of such evidence equates to a constitutional violation." Id.

convictions and argued his credibility during closing. During trial counsel's cross-examination of Mr. Dennis, Mr. Dennis testified, "I don't think I have any convictions. I believe I pled guilty to a few things." Mr. Dennis admitted pleading guilty to harassment in 2000, and trial counsel asked Mr. Dennis if he remembered being asked during his deposition if he had any convictions. Trial counsel asked Mr. Dennis if he could tell the court to what other crimes he had pleaded guilty, and Mr. Dennis responded, "I don't know, but you can if you have the records. I don't know. I don't do crime."

During her closing argument, trial counsel argued that Mr. Dennis was "not a believable witness" based on his "backpedaling" with regard to his criminal record. She asserted that Mr. Dennis "wanted [the jury] to believe he didn't have any convictions" and "each time he took the stand[,] he explained away every inconsistency." She also highlighted that Mr. Dennis "wouldn't even tell [the jury] about the assault of a law enforcement officer. He can't be believable because he couldn't be honest with the jurors." Based on the record, we conclude that even if counsel had impeached Mr. Dennis with his three prior DWS convictions and two pending cases, the evidence would not have placed the whole case in such a different light as to undermine confidence in the verdict. See Hickey, 328 S.W.3d at 230. Accordingly, the trial court did not clearly err in denying Movant's claim based on its finding that Movant was not prejudiced. Point denied.

### 3. Failure to investigate and impeach

In his third and final point, Movant alleges that the motion court clearly erred in denying his claim that trial counsel were ineffective in failing to investigate and impeach Mr. Dennis with his prior convictions and pending cases. Movant contends that had trial counsel searched Mr. Dennis' name in Case.net, they would have known about Mr. Dennis' three misdemeanor DWS

11

convictions and two pending cases and could have used them to impeach Mr. Dennis as a witness. Movant asserts that had trial counsel impeached Mr. Dennis, there is a reasonable likelihood that the verdict would have been different. The State counters that the motion court did not err in denying Movant's claim because Movant was not prejudiced.

To prevail on a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To succeed on a claim of ineffective assistance for failure to investigate, a movant is "required to: (i) specifically describe the information his attorney failed to discover, (ii) establish that a reasonable investigation by trial counsel would have resulted in the discovery of such information, and (iii) prove that the information would have aided or improved his position at trial." Cornelious v. State, 351 S.W.3d 36, 46 (Mo.App.W.D. 2011) (internal quotations omitted).

To prevail on a claim of ineffective assistance of counsel for failure to impeach a witness, a movant must demonstrate that "the impeachment would have provided [him] a defense or would have changed the outcome of the trial[.]" State v. Phillips, 940 S.W.2d 512, 524 (Mo.banc 1997). "It is not enough that some misstep of counsel had some conceivable effect on the outcome of the case." State v. Gray, 887 S.W.2d 369, 381 (Mo.banc 1994). "The particular failure must be so significant as to demonstrate a reasonable probability that but for counsel's unprofessional errors, the result would have been different." Id.

The motion court did not clearly err in denying Movant's claim that counsel was ineffective for failing to investigate and impeach Mr. Dennis because Movant did not

demonstrate that had trial counsel impeached Mr. Dennis with his prior convictions and pending cases, there is a reasonable probability that the outcome of the trial would have been different. As previously discussed, trial counsel cross-examined Mr. Dennis about his prior convictions for harassment and assault of a law enforcement officer and challenged his credibility by impeaching him with his deposition statements and by stating in closing argument that he was "not believable." We conclude that trial counsel impeached Mr. Dennis with two of his prior convictions and that impeaching Mr. Dennis with his other prior convictions and pending cases would not have changed the outcome of the trial. See Hickey, 328 S.W.3d at 230 (concluding that "trial counsel, having effectively impeached the witness with felony convictions involving dishonesty, would not have provided more effective representation by adducing evidence that the witness also had convictions for misdemeanor driving while intoxicated and misdemeanor driving while license revoked."). Point denied.

### *Conclusion*

The judgment of the motion court is affirmed.

_____
Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Gary M. Gaertner, Jr., J., concur.

13