**Carla OFFIELD, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 21555.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 12, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for Movant-Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Respondent.

PREWITT, Judge.

Appellant entered a plea of guilty to the sale of a controlled substance and was sentenced to five years in prison. Thereafter she filed a motion to vacate her conviction pursuant to Rule 24.035. Following an evidentiary hearing, the trial court made findings of facts, conclusions of law, and denied the motion.

On appeal, Appellant asserts that she received ineffective assistance of counsel in that he advised her "that she stood a great risk of being convicted if she went to trial," and the attorney "failed to tell her that the State's discovery did not show sufficient evidence to support a conviction."

Review of the trial court's action on a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "The court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake was made." *Ennis v. State*, 887 S.W.2d 771, 772 (Mo.App.1994). A party claiming ineffective assistance of counsel must prove by a preponderance of the evidence that the attorney's performance was deficient and that this deficient perfor-

mance prejudiced him. *State v. Middleton,* 854 S.W.2d 504, 517 (Mo.App.1993).

■ Appellant's attorney in the criminal proceeding testified that Appellant called him and was "adamant" that she wanted to enter a plea of guilty. He advised Appellant that although she had a chance to win, she had a "substantial risk of getting convicted." He said that she wanted to plead guilty to "get this out of the way and get it done with right now, today." That way she could "get on with her life."

Based upon our limited review we cannot say that the trial court erred. Appellant did not meet her burden of proof in showing that her attorney's performance was deficient or that, in view of her attitude toward the plea, that his performance prejudiced her.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.