Duncan T. SMITH, Movant–Appellant,

v.

STATE of Missouri, Defendant–Respondent.

No. 24138.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 14, 2001.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Duncan Smith ("Appellant") appeals the motion court's denial of his motion brought pursuant to Rule 29.15.[1]  Because the motion court's ruling was not clearly erroneous, that ruling is affirmed.

Appellant was convicted of the misdemeanors of driving while intoxicated and possession of drug paraphernalia and of felony possession of a controlled substance. He appealed those convictions, and this court affirmed in *State v. Smith,* 979 S.W.2d 215 (Mo.App. S.D.1998).  Appellant now files a motion under Rule 29.15 alleging that he had ineffective assistance of counsel on his appeal.[2]  Initially, Appellant

---

1. All rule references are to Supreme Court Rules (2001), unless otherwise stated.

2. Appellant's first appeal of the denial of his Rule 29.15 motion resulted in the case being remanded to the motion court for the issu-

raised two complaints concerning his counsel on appeal, only one of which he asserts to this court now.

Appellant, an Illinois-licensed attorney, was stopped by a police officer for driving on the wrong side of the road. Before Appellant stopped his car he was observed handing a Crown Royal bag to his passenger, who placed it under the front seat. The police arrested Appellant at the scene and impounded the automobile. After his arrest for DWI during a police inventory of Appellant's property at the station, the police discovered an envelope addressed to Appellant containing a granular substance which proved to be cocaine.[3]

During the search of the car, officers discovered the Crown Royal bag with two metal pipes and a nail inside.[4] Appellant represented himself at trial and filed a broad-based motion to suppress the Crown Royal bag, with drug paraphernalia and the envelope, but he did not file a motion for new trial after his conviction of all three charges. Appellant claims his appellate counsel was ineffective for failing to assert that the trial court plainly erred in overruling Appellant's motion to suppress the bag and drug paraphernalia found inside the bag.

■ This court's review is limited to a determination of whether the motion court clearly erred in making its findings and conclusions denying the ineffective assistance claim. Rule 29.15(k); *Hall v. State,* 16 S.W.3d 582, 585 (Mo. banc 2000). Findings and conclusions are "clearly errone-

ous" only if after a review of the entire record the court is left with the definite and firm impression that a mistake has been made. *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996). To prevail on an ineffective assistance of counsel claim Appellant is required to show: (1) counsel's performance did not conform to the degree of skill and diligence of a reasonably competent lawyer, and (2) Appellant was prejudiced by counsel's inept performance. *Id.* Appellant must show prejudice by proving by a reasonable probability that the result would have been different if not for his counsel's errors. *State v. Ervin,* 835 S.W.2d 905, 929 (Mo. banc 1992). This court may review for prejudice prior to determining whether counsel's actions were incompetent. *Id.* Under these standards we find no clear error.

■ Initially, Respondent contends the appeal should be dismissed for the reason that the Crown Royal bag that forms the basis of Appellant's argument related only to the misdemeanor conviction of possession of drug paraphernalia. Respondent correctly contends that Rule 29.15 grants relief to those convicted of felonies only, not to those convicted of misdemeanors. *See* Rule 29.15(a); *Schleeper v. State,* 982 S.W.2d 252, 253 (Mo. banc 1998)(Rule 29.15 provides the exclusive procedure for seeking post-conviction relief for persons convicted of a felony). Thus, any claim of error raised through the avenue of a Rule 29.15 motion must relate only to a felony. The Crown

---

ance of findings of fact and conclusions of law. *Smith v. State,* 28 S.W.3d 889 (Mo.App. S.D.2000). We now review the case after the motion court's issuance of the requisite findings.

**3.** The admission of the envelope into evidence is not in contention in this motion. Appellant's defense at trial was that he represented a drug dealer who paid him in cash that

contained drug residue which then fell into the envelope when the money was placed inside.

**4.** At trial a police officer testified that the pipes were made like pipes commonly used for smoking crack cocaine and that the nail is commonly used to push cocaine down into the pipe.

Royal bag that forms the basis of Appellant's argument directly proves Appellant's guilt of the misdemeanor of possession of drug paraphernalia. Thus, Appellant's motion appears to be directed towards his misdemeanor conviction, not his felony conviction, and Rule 29.15 would not apply. Because, as Respondent admits, the Crown Royal bag and its contents may have contributed somewhat to a finding of guilt on the possession count, we decline to dismiss the appeal. Nonetheless, we find against Appellant.

The motion court found that Appellant, a licensed attorney, had failed to preserve his claim regarding the motion to suppress by not filing a motion for new trial. This failure waived any appellate review except for plain error. *State v. Flenoid*, 838 S.W.2d 462, 466 (Mo.App. E.D.1992). The motion court further indicated, "it is difficult for this Court to believe that Movant now claims that his appellate attorney was ineffective for failing to assert claims that Movant, who was also a licensed attorney, failed to preserve." Specifically, Appellant claims his appellate counsel was ineffective for failing to argue on the direct appeal that the search was illegal either as incident to a valid arrest or a valid inventory search under the plain error standard. Appellant concedes the stop and seizure were supported by probable cause.

To find for Appellant, we must find that Appellant was prejudiced in that had the issue been presented to it, the Court of Appeals would have reversed the initial conviction under a plain error standard. Appellant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). For the reasons set forth herein, we find that there is not a reasonable probability that the appellate decision would have been different.

An appellate court has discretion to decide whether to grant plain error review. *State v. Primers*, 971 S.W.2d 922, 928 (Mo.App. W.D.1998). That review should be granted only where there is a manifest injustice or miscarriage of justice because of the error. *Id.* Ultimately then, this court must determine whether the inclusion of the Crown Royal bag and its contents in evidence resulted in a miscarriage of justice or a manifest injustice.

Here, the testimony indicated that Appellant was stopped on the wrong side of the road, admitted to drinking, reeked of alcohol, did not pull over for a police officer until a second police car stopped him, and was observed handing something to the passenger. The search of appellant's vehicle was legal as a search incident to a valid arrest. A search of an automobile on the highways pursuant to probable cause to believe that contraband, weapons or evidence of a crime are within a well-established exception to the Fourth Amendment warrant requirement. *State v. Wells*, 33 S.W.3d 202, 208 (Mo.App. S.D. 2000). The existence of probable cause to search the vehicle at the scene does not preclude the continuation of that search after the car is taken from the scene to a police station. *Id.* We find that it was not a miscarriage of justice or a manifest injustice that the jury was presented with evidence of the Crown Royal Bag and drug paraphernalia.

Appellant was not prejudiced by the failure of his appellate counsel to raise the issue on direct appeal that it was plain error to deny the motion to suppress. The trial court correctly denied Appellant's Rule 29.15 motion. The trial court's judg-

ment denying the Rule 29.15 motion is affirmed.

PREWITT, J., and PARRISH, J., concur.