**Jeffery JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 62425.**

Missouri Court of Appeals,
Western District.

Feb. 24, 2004.

Andrew A. Schroeder, Kansas City, MO, Attorney for Appellant.

Andrea K. Spillars, Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, MO, for Respondent.

Before: RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and JAMES M. SMART, JJ.

## ORDER

PER CURIAM.

Jeffery Johnson ("Mr. Johnson") appeals the judgment of the motion court denying his Rule 29.15 motion for postconviction relief without an evidentiary hearing. Mr. Johnson sought to vacate his convictions for six counts of felony statutory sodomy in the second degree, section 566.064, RSMo 1994, and one count of misdemeanor sexual misconduct in the first degree,[1] section 566.090, RSMo 1994, and sentence of twenty-one years imprisonment. He raises two claims on appeal. In Mr. Johnson's first point on appeal, he claims that the motion court clearly erred in denying his motion, without an evidentiary hearing, because his appellate counsel was ineffective for failing to raise the claim on Mr. Johnson's direct appeal that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's evidence and at the close of all the evidence because the State failed to present sufficient evidence of proof of venue on Count VIII, statutory sodomy in the second degree. Specifically, Mr. Johnson claims that appellate counsel should have advanced the argument that the State failed to present sufficient evidence that Count VIII, statutory sodomy in the second degree, occurred in the County of Jackson or the State of Missouri. As his second point on appeal, Mr. Johnson claims that the motion court clearly erred in denying his motion, without an evidentiary hearing, because his trial counsel was ineffective for failing to object to the prosecutor's redirect examination question asking a witness for the State whether he believed statements made by one of the victims on the basis that the question called for improper opinion testimony, thus invading the jury's province. He claims that if these errors had not been committed, it would have resulted in the outcome of the trial being different. The judgment of the motion court is affirmed. Rule 84.16(b).

---

1. The State argues in its brief that Mr. Johnson is precluded from seeking to vacate his misdemeanor conviction under Rule 29.15. Rule 29.15(a) governs postconviction relief after trial and provides postconviction relief for felony convictions only. "A person convicted of a *felony* after trial" may seek postconviction relief. Rule 29.15(a).