Paul J. NEWTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 72558.

Missouri Court of Appeals,
Western District.

Oct. 25, 2011.

---

Susan L. Hogan, Kansas City, MO, for appellant.

Shaun J. Mackelprang and Mary H. Moore, Jefferson City, MO, for respondent.

Before: ALOK AHUJA, P.J., and THOMAS H. NEWTON and JAMES E. WELSH, JJ.

ALOK AHUJA, Judge.

Paul Newton pled guilty to the felony of attempt to produce a controlled substance (by growing marijuana plants) and to misdemeanor domestic assault. He filed a motion for post-conviction relief under Supreme Court Rule 24.035, which the circuit court denied following an evidentiary hearing. We affirm.

## Factual Background

Newton was charged in the Circuit Court of Buchanan County with the felony of attempt to produce a controlled substance and with misdemeanor domestic assault. On June 10, 2008, he pled guilty to both counts. The court accepted his pleas, finding that they were knowingly and voluntarily entered and that there was a factual basis for the pleas. The court sentenced Newton to eight years' imprisonment for the drug charge, and to six months in jail for the domestic assault charge, with the sentences to be served concurrently.

On February 4, 2009, Newton filed a *pro se* motion to vacate, set aside, or correct his judgment and sentence under Rule 24.035. Post-conviction counsel filed an amended motion on June 25, 2009. The amended motion claimed that Newton's plea counsel was ineffective because counsel failed to inform him that the plea hearing would address both the felony and misdemeanor counts, and that counsel had failed to fully investigate possible defenses to the misdemeanor domestic assault charge.

The motion court held an evidentiary hearing on Newton's post-conviction relief motion on February 11, 2010, at which Newton's plea counsel testified; Newton's deposition was also received in evidence in lieu of live testimony. The court issued its findings of fact and conclusions of law on April 20, 2010. The motion court denied Newton relief on the basis that his arguments only challenged the effectiveness of counsel's representation with respect to the *misdemeanor* domestic assault charge, but that Rule 24.035 is limited to claims for relief involving convictions for *felonies*. Newton appeals.

## Standard of Review

Under Supreme Court Rule 24.035(k), "[a]ppellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Findings of fact and conclusions of law are clearly erroneous only if, after review of the entire record,

the court is left with the definite and firm impression that a mistake has been made.

*Hastings v. State*, 308 S.W.3d 792, 795–96 (Mo.App. W.D.2010) (citing *Gill v. State*, 300 S.W.3d 225, 231 (Mo. banc 2009)).

## Analysis

Newton argues that the motion court clearly erred in denying his Rule 24.035 motion because he was denied the effective assistance of counsel. Specifically, Newton claims that his counsel failed to inform him that the State was insisting that he plead guilty to both the felony and misdemeanor counts at the June 10, 2008 plea hearing, that counsel failed to investigate the circumstances of the domestic assault charge to develop a possible defense, and that he would not have pled guilty to *either* charge if his attorney had properly developed a defense to the domestic assault charge.

Rule 24.035(a) provides:

A person *convicted of a felony* on a plea of guilty ... who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, ... may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

(Emphasis added.) Rule 29.15(a), which applies to claims for relief following a conviction after trial, contains similar language.

■ As the italicized language makes clear, Rules 24.035 and 29.15 provide relief solely for convictions *for felonies;* they cannot be employed to challenge a movant's *misdemeanor* convictions. *See*

*Smith v. State*, 60 S.W.3d 31, 34 (Mo.App. S.D.2001) ("Rule 29.15 grants relief to those convicted of felonies only, not to those convicted of misdemeanors. Thus, any claim of error raised through the avenue of a Rule 29.15 motion must relate only to a felony." (citations omitted)); *State v. Ford*, 844 S.W.2d 130, 132 (Mo. App. S.D.1993) (where "Defendant's plea of guilty was to a misdemeanor, not a felony," "Rule 24.035 does not provide an applicable procedure"); *see also State v. Curtis*, 171 S.W.3d 763, 765 (Mo.App. E.D. 2005) (dictum; "even if Defendant's appeal were timely, the motion court's conclusions that neither Rule 29.15 nor Rule 24.035 provides a remedy for Defendant, who was convicted of misdemeanors, are not clearly erroneous").

The limitation of Rules 24.035 and 29.15 to felonies applies even where a defendant is convicted of both felonies and misdemeanors in the same proceedings: the Rules authorize relief only as to the felony convictions, and particular post-conviction claims may only be considered to the extent that they relate to the felonies. Thus, in *Smith*, a Rule 29.15 movant attacked the admissibility of a bag containing pipes and other equipment for smoking crack cocaine, which were recovered from his vehicle. Although the seized items had formed the basis for the movant's conviction for misdemeanor possession of drug paraphernalia, the Court considered his post-conviction claim concerning their admissibility, but only because the "bag and its contents may have contributed somewhat to a finding of guilt on [a separate felony drug] possession count." 60 S.W.3d at 35. Similarly, in *Gehrke v. State*, 280 S.W.3d 54 (Mo. banc 2009), an inmate claimed that he was abandoned by his post-conviction counsel. The Court noted that, in addition to pleading guilty to multiple felonies in the underlying criminal proceeding, "Mr.

Gehrke also pleaded guilty to and was convicted of several misdemeanors." *Id.* at 56 n. 1. The Court emphasized, however, that *"[b]ecause Rule 24.035(a) limits post-conviction relief to felony pleas and convictions,* ... Mr. Gehrke's misdemeanor convictions are not relevant to the matter before this Court." *Id.* (emphasis added); *see also Johnson v. State,* 128 S.W.3d 624, 625 n. 1 (Mo.App. W.D.2004) (Rule 84.16(b) order; although movant sought vacation of convictions of both felonies and misdemeanors, court noted that "Rule 29.15(a) ... provides postconviction relief for felony convictions only").

■ Therefore, Rule 24.035 only affords Newton a vehicle for seeking relief as to his felony conviction of attempted production of a controlled substance; it does not authorize him to seek relief with respect to his separate conviction of the misdemeanor of domestic assault. In order to establish a right to post-conviction relief, Newton's claims must challenge the voluntariness of his plea to the felony charge. The motion court did not clearly err in concluding that Newton failed to raise such a claim.

Newton pled guilty to both felony attempted drug manufacture and misdemeanor domestic assault at the same plea hearing. The prosecution insisted that he enter guilty pleas as to both offenses in order to avoid the threatened enhancement of both charges. Although he pled guilty to both charges at the same hearing, Newton's amended motion for post-conviction relief makes clear that his only allegation of surprise at the plea hearing, and his only claim of ineffective assistance of counsel, concerned the domestic assault charge. The motion alleges in pertinent part:

During the guilty plea Mr. Newton expressed numerous times that he had not been fully informed that both counts would pled together and that there was a possible defense to the domestic assault charge. This assertion is supported by [counsel's] own admission that he did not communicate with Mr. Newton very well prior to the plea.

. . . .

Mr. Newton's guilty plea was involuntary, because it was induced by [counsel's] failure to thoroughly investigate all claims made by [the victim] which resulted in Mr. Newton's conviction of domestic assault in the third degree. Mr. Newton was induced to plead guilty because counsel failed to object to [the victim's] statements and failed to provide the court with witnesses who could testify to the violent nature of [the victim] and her prior abuse of Mr. Newton. A reasonable probability exists that Mr. Newton would not have been in a position where he had to decide whether to plead guilty or go to trial, if his attorney had properly investigated the claims made by [the victim] and provided rebuttal witnesses. If [the attorney] would have presented rebuttal witnesses, there was a possibility that the domestic assault charge could have been dismissed.

Newton's Amended Motion does not directly attack the voluntariness of his guilty plea to the felony drug charge. Instead, it argues that he pled guilty to the misdemeanor charge, despite the existence of a possible defense which could have resulted in the dismissal of that charge, because his counsel had failed to properly investigate the charge.[1]

1. Given the allegations of Newton's Amended Motion, it is arguable that he failed to preserve the claim that counsel's lack of investigation of the misdemeanor charge influenced him to plead guilty to the separate felony. *See, e.g., Gilyard v. State,* 303 S.W.3d 211, 214–15 (Mo.App. W.D.2010). On the contrary, the Amended Motion suggests that, if

Newton's statements at the plea hearing indicate that he had no reservations about pleading guilty to the felony drug charge; his only qualms concerned the misdemeanor. When initially asked by the court whether he desired to plead guilty, Newton replied in the negative. He then explained: "that's the thing, you know, how do you ... with a clear conscience plead guilty to something that you believe that you—you're innocent—innocent of?" Newton further explained that, "*[o]n one count I certainly can [plead guilty]*, but on the other I don't think I can." (Emphasis added.)

Newton's later comments make clear that the charge on which he had reservations was the domestic assault charge. Newton frankly acknowledged during the plea hearing that "*[o]n the marijuana charge I don't have a defense.* I did attempt—I did attempt to manufacture at one point marijuana." (Emphasis added). As to the domestic assault charge, Newton stated that "for part of it I can certainly find my guilt," and that he was willing to "plead guilty to my portion of the domestic violence." A later exchange reflects what Newton meant when he said that he was prepared to acknowledge his guilt for "part," or a "portion," of the domestic assault:

> Q. [by the court]: What happened on April 18th that got the law enforcement officers to your apartment?
>
> A. I'd asked [the victim] to move out and that had been a regular occurrence. She attacked me six times in four and a half months.... And that morning I asked her to move out. And it started again with the name calling, she grabbed my hair, my beard, slapped me on the other side of the face.
>
> And my guilt, Your Honor, in this is I didn't—I turned the other cheek over and over. This morning I grabbed her and went to the floor and I held her down and did bite her three times and I couldn't let her up because she told me she was going to kill me.
>
> And my guilt in this part was that I didn't have the spiritual wherewithal that morning to continue to get slapped and punched, and so I just restrained her.... [¶] ... I'm claiming that I'm guilty of not turning the other cheek over and over. I'm guilty of resorting back to the old eye for eye, tooth for tooth, bite for bite. That's what I'm guilty of, sir.

Although the court informed Newton that "[i]t sounds to me like you're claiming self defense," and that he could assert self defense at trial, Newton acknowledged that he was waiving any self defense claim by pleading guilty to domestic assault.

After Newton initially expressed reservations concerning the domestic assault charge, the court suggested that "you can plead guilty to one" of the charges, but not the other. In response, the prosecution stated that its agreement not to file enhanced drug or domestic violence charges was contingent on Newton pleading guilty to *both* offenses. Given the State's "all-or-nothing" position, the motion court could have found that, if counsel had conducted a

counsel had performed adequately, the misdemeanor domestic assault charge would have been dismissed; in that event, Newton still would have faced the felony drug charge.

Newton's Amended Motion appears to allege that an adequate investigation would have revealed facts supporting a self-defense claim. Although we need not address the point, we question whether the presentation of even a fully developed self-defense argument would have justified *dismissal* of the domestic assault charge, and thus prevented Newton from being "in a position where he had to decide whether to plead guilty or go to trial" on that charge.

fuller investigation of the *misdemeanor* charge, Newton would have been sufficiently emboldened that he would have refused to plead guilty to either charge. (Along these lines, Newton claimed in his post-conviction deposition that "my initial intention was that I wanted to take both these charges to trial because I hadn't committed domestic violence against [the victim]. She had committed domestic violence against me, and I had protected myself.")

█ We accept, for the sake of argument, that Rule 24.035 applies to a claim that counsel's inadequate investigation of a misdemeanor influenced a movant to plead guilty to a separate felony. Even on that assumption, however, it would be a fact-bound question whether in a particular case a movant's decision to plead guilty to a felony was causally related to the deficient investigation of an associated misdemeanor. "To satisfy the 'prejudice' requirement when challenging a guilty plea, the movant must allege facts showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Webb v. State,* 334 S.W.3d 126, 128 (Mo. banc 2011) (citations and internal quotation marks omitted); *see generally Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Given the limitation of Rules 24.035 and 29.15 to felonies, a defendant must show a reasonably probability that, if counsel had performed adequately, he would not have pled guilty *to a felony,* but would instead have insisted on a trial *of that charge.*

By finding that Newton had failed to prove a claim cognizable under Rule 24.035, the motion court necessarily disbelieved his claim that a further investigation of the misdemeanor would have led him to refuse to plead guilty to the felony charge. That finding is not clearly erroneous.

Newton stated at the plea hearing that "I certainly can" plead guilty to the drug charge, and frankly acknowledged that "I don't have a defense" to that charge. The record reflects that Newton made a conscious, deliberate decision to plead guilty to both charges despite any defense he might have had to the domestic assault charge: the court specifically advised him that he would be entitled to present a self-defense claim if he took the domestic assault charge to trial, and Newton acknowledged his understanding that, by pleading guilty, he was waiving his right to have a jury decide the self defense issue.

The record also casts doubt on Newton's claim that further investigation of the domestic assault by counsel would have influenced his plea decision. When the court asked Newton at the plea hearing what his counsel had failed to do which Newton had wanted, Newton stated that his "main issue" was that "there could have been some argument based on medicinal use [of marijuana]" (the record reflects that Newton held the strong belief that marijuana use and cultivation should be legal, and raised that issue on multiple occasions with his attorney). Although invited to do so, Newton voiced no complaints concerning counsel's representation on the domestic assault charge. At sentencing, Newton stated that there was nothing that counsel had failed to do that Newton had wanted done, and that he was "satisfied" with his counsel's representation.

The motion court could also rightfully conclude that Newton would not have allowed his assessment of the domestic assault charge to control his decision whether to plead guilty to the felony. Newton faced substantially more severe punishment for the felony drug charge than for the misdemeanor domestic assault charge, and would have faced substantially greater punishment on *each* offense if the prosecution had enhanced the charges in response

to Newton's failure to plead guilty, as it had promised to do. Newton may well have preferred to be sentenced on the existing, unenhanced drug charge—to which he admitted he had no defense— even if this meant waiving a potential defense to the misdemeanor.[2] Finally, despite his expressed reservations concerning the domestic assault charge, Newton stated at the plea hearing that "I would really like to go on and just get this over with," and that he was prepared to "[a]dmit that [*i.e.*, his guilt to domestic assault] to the Court today." Newton's desire to have the charges resolved on the day of the plea hearing undercuts his current claim that he would have instead insisted on a trial of one or both charges. *See Offield v. State*, 958 S.W.2d 566, 567 (Mo. App. S.D.1997) (affirming denial of post-conviction relief where counsel testified that movant stated that she wanted "to plead guilty to 'get this out of the way and get it done with right now, today,' " so that she could " 'get on with her life' ").

In these circumstances, the motion court did not clearly err in concluding that Newton had failed to state a claim for post-conviction relief concerning the voluntariness of his guilty plea to the felony of attempted manufacture of a controlled substance.

### Conclusion

The judgment of the motion court, denying Newton's motion for post-conviction relief, is affirmed.

All concur.

---

2. Defense counsel testified that "We discussed going to trial. And he decided, himself, at the end that he would be better off by pleading guilty to the crimes as they were charged instead of potentially risking two life sentences" if the charges were enhanced to Class A felonies.