

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ANDRE ADAMS, | ) | ED103983 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 1222-CC10823 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Edward W. Sweeney |
| | ) | |
| Respondent. | ) | Filed: February 7, 2017 |

## Introduction

Andre Adams (Movant) appeals the judgment of the motion court denying his motion for post-conviction relief under Rule 29.15[1] without an evidentiary hearing. He argues both his trial counsel and his appellate counsel were ineffective for failing to contest two of his misdemeanor convictions, and that his trial counsel was ineffective for failing to object to comments the prosecutor made during direct examination of a witness. We affirm.

## Background

Movant was convicted by a jury of four counts of statutory sodomy in the first degree involving a child less than 12 years of age and two counts of furnishing

---

[1] All rule references are to Mo. R. Crim. P. (2013) unless otherwise indicated.

pornographic material to a minor. The trial court sentenced him as a prior offender to concurrent terms of 30 years in prison for each count of statutory sodomy, and concurrent terms of 1 year for the counts of furnishing pornographic material to a minor, for a total sentence of 30 years. This Court affirmed his convictions and sentences on appeal. State v. Adams, 377 S.W.3d 614 (Mo. App. E.D. 2012).

Movant timely filed a *pro se* motion seeking to vacate his convictions and sentences under Rule 29.15. Later, Movant's appointed counsel requested a 30-day extension of time in which to file an amended motion, and filed such motion on October 28, 2013, the date it would have been due with a 30-day extension. The trial court denied Movant's amended motion without an evidentiary hearing. This appeal follows.

## Standard of Review

Our review of the motion court's denial of a motion for post-conviction relief is "limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous." Hickey v. State, 328 S.W.3d 225, 227 (Mo. App. E.D. 2010) (citing Rule 29.15(k)). Findings and conclusions are clearly erroneous "only if, after a full review of the record, this Court is left with a definite and firm impression that a mistake has been made." Id. To be entitled to an evidentiary hearing, Movant must have alleged facts, not conclusions, that would entitle him to relief and that are not refuted by the record. Id. at 227-28. The facts alleged must also establish Movant was prejudiced, meaning a reasonable probability exists that but for counsel's errors, the result of the proceeding would have been different. Id.

2

Discussion

Movant raises three points on appeal. He argues in Points I and II that his trial counsel and his appellate counsel, respectively, were ineffective for failing to contest the verdicts regarding furnishing pornography to a minor due to the fact that the jury did not view the alleged pornography in evidence. Movant argues in Point III that his trial counsel was ineffective for failing to object to the prosecutor's remarks during the State's direct examination of the victim. We discuss each in turn.[2]

Points I and II

In Point I, Movant argues that his trial counsel was ineffective for failing to object or move for a new trial based on potential jury misconduct when the jury did not view the alleged pornographic video in evidence yet convicted Movant of two counts of furnishing pornography to a minor. In Point II, Movant argues that his appellate counsel was ineffective for failing to raise this issue on appeal. Because these are not cognizable claims in a motion under Rule 29.15, we must deny both points.

Rule 29.15(a) states, "A person convicted of a felony after trial . . . may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15." By its own terms, relief under Rule 29.15 exists only for felony convictions and excludes relief from misdemeanor convictions. Newton v. State, 359 S.W.3d 54, 56 (Mo. App. W.D. 2011) (citing Gehrke v. State, 280 S.W.3d 54, 56 (Mo. banc 2009); Johnson v. State, 128 S.W.3d

---

[2] The State argues as a threshold matter that we must remand to the motion court for an independent inquiry regarding whether Movant was abandoned by post-conviction counsel because, although Movant's amended motion was filed within the period of a 30-day extension, there is nothing in the record showing the trial court granted Movant's counsel's request for an extension of time. However, the motion court's judgment states that Movant's motion was timely and proceeds to adjudicate the merits of Movant's amended motion, which we infer was either the result of the motion court's decision to grant the extension or of its acceptance of the late motion as timely. See Sanders v. State, 807 S.W.2d 493, 495 (Mo. banc 1991) (motion court considers motion timely filed when delay was fault of counsel rather than movant). In either case, adjudication of Movant's amended motion was proper here, and no purpose is served by remand for an abandonment inquiry.

3

624, 625 n.1 (Mo. App. W.D. 2004); Smith v. State, 60 S.W.3d 31, 34 (Mo. App. S.D. 2001)). This includes cases in which a movant is convicted both of one or more felonies along with one or more misdemeanors. Id.

Thus, Movant may not pursue relief from misdemeanor convictions under Rule 29.15. His argument for an inference that the jury failed to follow instructions, thus tainting his entire verdict and sentence, is unsupported by any reference to the record or legal precedent. The facts alleged in Movant's motion relate only to his misdemeanor convictions, and as such, were not cognizable under Rule 29.15. The motion court did not clearly err in denying his claims in this respect. Points I and II denied.

## Point III

Movant argues that his trial counsel was ineffective for failing to object to certain statements made by the prosecutor during direct examination of the victim. We disagree.

In order to be entitled to a hearing on his claim of ineffective assistance of counsel, Movant had to allege unrefuted facts showing his counsel's performance fell below the standard of skill, care, and diligence of a reasonably competent attorney, and that Movant was prejudiced in that but for counsel's errors, the outcome would have been different. Hickey, 328 S.W.3d at 227; Strickland v. Washington, 466 U.S. 668, 687 (1984). Decisions about whether to make objections at trial are left to the judgment of counsel. Helmig v. State, 42 S.W.3d 658, 678 (Mo. App. E.D. 2001). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 669. The failure to object, even to objectionable comments, does not itself establish a right to relief. State v. Link, 965 S.W.2d 906, 912 (Mo. App. S.D. 1998). Rather, Movant must establish that "the comment was of such a character that it

4

resulted in a substantial deprivation of [his] right to a fair trial." Id. (quoting State v. Taylor, 831 S.W.2d 266, 272 (Mo. App. E.D. 1992)).

Here, during the State's direct examination of the victim, the prosecutor made the following statements:

> [Prosecutor]: . . . I see that you keep looking over there at [Movant]?
>
> [Victim]: Yeah.
>
> [Prosecutor]: And I don't see the smile I normally see. Are you – are you nervous about being here in front of [Movant]?
>
> [Victim]: Yes.
>
> [Prosecutor]: You don't have to look over there if you don't want to, okay?
>
> [Victim]: Yes.

Specifically, Movant argues that the prosecutor's phrase, "I don't see the smile I normally see," amounted to improper testimony by the prosecutor. It is permissible for a prosecutor to comment on the demeanor of a witness. See State v. Wright, 216 S.W.3d 196, 201 (Mo. App. S.D. 2007) (prosecutor's comment regarding victim's nervous demeanor was within prosecutor's right to comment on witness' credibility from State's viewpoint); Link, 965 S.W.2d at 912 (though prosecutor may not make argument indicating he or she has special knowledge of facts showing defendant is guilty, prosecutor may comment on appearance and demeanor of witness). The prosecutor's comments here, in context, related to the victim's anxiety with testifying in Movant's presence.

Moreover, Movant has failed to allege unrefuted facts showing he was prejudiced here. The prosecutor elicited testimony from the victim's older sister regarding the victim's usual demeanor:

5

[Prosecutor]: Would you say [the victim] smiles a lot?

[Witness]: Yes.

[Prosecutor]: Most of the time?

[Witness]: Yes.

Thus, to the extent Movant argues the prosecutor's comment regarding the victim's normal demeanor improperly injected evidence into the trial, such evidence was nevertheless properly before the jury through the victim's sister's testimony. Movant's claim that a reasonable probability exists that the outcome of his trial would have been different but for his counsel's failure to object to the prosecutor's comment is thus refuted by the record. The motion court did not clearly err in denying Movant's motion without an evidentiary hearing in this respect. Point denied.

## Conclusion

Because Rule 29.15 provides relief only from felony convictions, it does not provide a means here for Movant to pursue relief from his misdemeanor convictions of furnishing pornographic material to a minor. Regarding his claim of ineffective assistance of counsel, Movant failed to allege facts showing his counsel's performance was deficient or that he was prejudiced, given that the same information from the comments was present in the testimony of the victim's sister. The judgment of the motion court is affirmed.

_____
Gary M. Gaertner, Jr., Judge

James M. Dowd, P. J., concurs.
Kurt S. Odenwald, J., concurs.

6