Gary M. Gaertner, Jr., Presiding Judge
Introduction
Travis Nunley (Movant) appeals from the motion court's judgment denying his motion under Rule 29.15[1] for post-conviction relief after an evidentiary hearing. We affirm.
Factual and Procedural Background
A jury convicted Movant of one count of second-degree felony murder, one count of first-degree robbery, and two associated counts of armed criminal action. This *91 Court adopts our previous summary of the facts from the direct appeal, as follows. In the evening of January 14, 2012, Movant, together with Willis Smith-Nunley (Smith-Nunley), his brother and co-defendant at trial, and Wanekii Weems (Weems), a co-conspirator, went to 4317 Swan, in St. Louis, Missouri, with the purpose of either buying heroin at a discounted price or robbing the dealer, Jerry Massey. Movant was armed with a handgun and Smith-Nunley had a sawed-off shotgun. Movant and Weems went inside the house to buy discounted heroin, without success. Weems left to get Movant's car, a Monte Carlo, while Smith-Nunley approached the house, firing a shot at the front door. Inside the house, Movant drew his weapon and started shooting. Smith-Nunley and Movant shot and injured at least two people in the house, including Courtney Couch (Couch) and Jerald Massey (Victim), who died of a shotgun wound to his abdomen. Smith-Nunley robbed Rafael Allred (Allred) of fifty codeine pills.
At trial, several witnesses testified. Weems testified as to how Movant and Smith-Nunley planned the robbery and how the robbery occurred. Devin Jackson (Jackson) testified that Movant had hired him to babysit some of the group's children on that evening and had driven him to Weems' house in the Monte Carlo. Jackson identified the guns Movant and Smith-Nunley were carrying. Couch and Allred testified as to the robbery and identified Movant and Smith-Nunley as the shooters.
After the jury's convictions, the trial court sentenced Movant as a prior and persistent offender to consecutive terms of life in prison on the felony murder and robbery charges and to two consecutive terms of twenty-two years on each ACA charge. This Court affirmed Movant's convictions and sentences on appeal. State v. Nunley, 476 S.W.3d 321 (Mo. App. E.D. 2015).
Movant filed a Rule 29.15 motion, which was later amended by counsel.[2] In his amended motion, Movant asserted that his trial counsel was ineffective for: (1) acting under an actual conflict of interest, in that the husband and wife law firm of Jolene Taaffe and Robert Taaffe represented both Movant and Smith-Nunley, his co-defendant and brother; and (2) failing to call alibi witnesses at trial. For the first issue, Movant asserted both lawyers acted interchangeably for both defendants, even though Smith-Nunley was charged with first-degree murder as the shooter, while Movant was charged with second-degree felony murder. Neither counsel advised either brother of the advantages of testifying against the other, even though the State had offered either[3] Movant or Smith-Nunley a deal of twenty-five years in exchange for his testimony against the other.
At an evidentiary hearing on the motion, Robert Taaffe testified to the following. He represented Movant throughout his trial, and initially, he had represented both Movant and Smith-Nunley. Before his initial representation of both brothers, he *92 spoke with both and confirmed that the brothers had consistent defenses and that Smith-Nunley did not plan to testify against Movant or visa versa. When he reviewed the facts of the case, he did not see any evidence that was not admissible against both defendants. However, as it became apparent that the evidence against Movant was much worse than against Smith-Nunley, Robert Taaffe decided it would be better to have two attorneys present for the brothers, and he asked his wife, who worked at the same law firm and was familiar with the case, to step in to represent Smith-Nunley.
Robert Taaffe agreed he did not conduct legal research into waivable versus non-waivable conflicts, but he testified that he did not have any personal interests that were adverse to Movant's defense and that he did not act in any way that was detrimental to Movant and advantageous to Smith-Nunley. Robert Taaffe stated that if the brothers' defenses had been inconsistent, he would not have represented both. Moreover, he stated they executed a written waiver of the conflict at trial, after jury selection but before taking evidence.
As well, Jolene Taaffe testified that she was primary counsel for Smith-Nunley. She began to represent Smith-Nunley a couple weeks before trial. Prior to her representation, her husband Robert Taaffe represented both Movant and Smith-Nunley, and in her capacity as an associate in the firm, she had discussed the case with her husband and seen the legal file. The evidence against Smith-Nunley was much weaker than against Movant, and, as such, she had discussed with Smith-Nunley testifying against his brother, but Smith-Nunley would not consider it. The theory of defense for both cases was that Movant and Smith-Nunley were not guilty and that the witnesses were not credible. Having them present a unified front, both claiming to be innocent, was helpful to their joint theory of defense. Upon examination by the motion court, Jolene Taaffe testified that Movant and Smith-Nunley both stated they had no problem with or objection to their representation by Jolene Taaffe and Robert Taaffe.
Movant did not testify. Smith-Nunley testified that he was aware the State was offering him a deal for twenty-five years, but he was not aware that the deal would require him to testify against his brother. Smith-Nunley stated he would never have testified against his brother.
Regarding Movant's alibi, Danielle Jones (Jones) testified that she was dating Smith-Nunley at the time of the murder and robbery, and that on the evening of January 14, 2012 Movant, Smith-Nunley, Jones, and Angela Yarbrough (Yarbrough)-who was Movant's wife-were at home all evening having a fish fry and playing cards. Jones agreed she did not tell the police this at the time, but she stated she had discussed the alibi with Robert Taaffe. Jones also stated that she was not aware Yarbrough had made a statement to the police that on the evening of January 14, 2012, Movant had taken their Monte Carlo and gone out, and that Yarbrough had not seen him all night. Robert Taaffe testified he had investigated an alibi defense for Movant but decided not to pursue it because he "didn't buy it," especially in light of both Movant's and Jones' failure to report the alibi to the police.
The motion court denied Movant's request for relief under Rule 29.15. This appeal follows.
Standard of Review
Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly *93 erroneous. Rule 29.15(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court, having examined the entire record, is left with the definite and firm impression that a mistake has been made. Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009).
For relief based on claims of ineffective assistance of counsel, Movant must show by a preponderance of the evidence both that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that his counsel's deficient performance prejudiced him. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). We "presume[ ] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. Anderson, 196 S.W.3d at 33 ; see also Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003).
Discussion
Point I
In his first point on appeal, Movant contends the motion court erred in denying post-convict ion relief after an evidentiary hearing because his trial counsel Robert Taaffe was ineffective in that he had an actual conflict of interest with regard to the pending offer from the State for one brother to testify against the other. We disagree, with reservations.
To show ineffective assistance of counsel from a conflict of interest, a movant who raised no objection at trial must demonstrate that an actual conflict of interest existed that adversely affected counsel's performance. Helmig v. State, 42 S.W.3d 658, 680 (Mo. App. E.D. 2001). The movant bears the burden of proof on appeal to show an actual, not potential, conflict of interest. See Frazier v. State, 431 S.W.3d 486, 491 (Mo. App. E.D. 2014) ("the mere existence of a possible conflict of interest does not automatically preclude effective representation") (citation omitted). The general standard to demonstrate an actual conflict of interest at trial is that "something must have been done by counsel, or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." Helmig, 42 S.W.3d at 680 (citation omitted). An actual conflict of interest arises if, during the course of concurrent representation, the defendants' interests diverge from each other with respect to a material fact, legal issue, or course of action, which adversely affects counsel's performance on the defendant's behalf. See State v. Chandler, 698 S.W.2d 844, 848 n.11 (Mo. banc 1985) ; see also Cuyler v. Sullivan, 446 U.S. 335, 356 n.3, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (Marshall, J., concurring in part and dissenting in part). If a movant demonstrates an actual conflict of interest affecting counsel's performance, prejudice is presumed. See Ballard v. State, 500 S.W.3d 294, 300 (Mo. App. E.D. 2016). "But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." Cuyler, 446 U.S. at 350, 100 S.Ct. 1708.
Movant argues, however, that because he received ineffective assistance of counsel during the pre-trial plea negotiation stage, this Court should not apply the general something-done-or-forgone-that-was-detrimental standard, see, e.g., Helmig, 42 S.W.3d at 680, but should instead follow DePriest v. State, 510 S.W.3d 331 (Mo. banc 2017). In DePriest, the same *94 attorney represented brother and sister co-defendants in their guilty pleas to drug charges. Id. at 333-34. Both brother and sister filed Rule 24.035 motions asserting ineffective assistance of counsel, in that their counsel acted under an actual conflict of interest that adversely affected the adequacy of his representation because he provided advice to the brother-against whom the evidence was strong-not to accept an earlier favorable offer based on how it would affect the sister-against whom the evidence was "weak or non-existent." Id. at 341. The motion court denied relief without an evidentiary hearing, and the Missouri Supreme Court reversed for an evidentiary hearing, stating that the allegations contained in the Rule 24.035 motions would, "if proved to and believed by the motion court in an evidentiary hearing," be sufficient to establish an actual conflict of interest. Id.
Notably, the DePriest court held that where a conflict occurs at the plea negotiations stage, the standard to prove an actual conflict of interest is not the same as the general standard after a trial: namely, that there must be evidence of something done by counsel in the trial or forgone by counsel and lost to the defendant, which was detrimental to the interests of the defendant and advantageous to another with antagonistic interests. Id. at 339 (citing State v. Johnson, 549 S.W.2d 348, 350 (Mo. App. 1977) ).[4] Rather, where the conflict occurs in the context of plea negotiations or a plea of guilty, it is not possible to examine the actual conduct of the attorney through the trial transcript, and thus to establish an actual conflict of interest, the movant need only show that counsel actively represented conflicting interests that adversely affected the adequacy of counsel's performance. Id. at 340-41. Here, although there was a trial, Movant asserts the conflict arose in the plea-negotiation phase. We need not decide which standard applies, because under the facts here, Movant can meet neither standard.
Movant asserts that Robert Taaffe had an actual conflict of interest, in that, due to the Taaffe firm's concurrent representation of both Movant and Smith-Nunley, Robert Taaffe failed to advise Movant of the advantages of testifying against his brother pursuant to a plea offer by the State. Unlike in DePriest, here there was an evidentiary hearing on Movant's claim, at which Robert Taaffe testified and Movant did not testify. Upon reviewing the record, we conclude Movant cannot meet his burden on appeal to show Robert Taaffe actively represented conflicting interests in the Taaffe firm's representation of both Movant and Smith-Nunley. See Cuyler, 446 U.S. at 350, 100 S.Ct. 1708 ("But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance").
Movant has not asserted the State ever offered him a plea deal, let alone shown there was a reasonable probability he would have accepted the plea offer if Robert Taaffe had provided effective assistance by advising him to testify against his brother. See Jackson v. State, 535 S.W.3d 374, 381 (Mo. App. E.D. 2017) (to show ineffective assistance of counsel during plea bargaining process stemming from lapsed or rejected plea offer, movant must demonstrate reasonable probability he or she would have accepted plea offer if counsel *95 had provided effective assistance). Instead, Movant specifically asserts the State offered the plea deal to only one, not both, of the brothers, and the trial transcript includes a discussion between the trial court and Jolene Taaffe clearly stating that her client, Smith-Nunley, was rejecting the State's plea offer. Likewise, Smith-Nunley testified at the evidentiary hearing on Movant's Rule 29.15 motion that the State offered him the twenty-five year plea deal. Movant did not testify at the evidentiary hearing and thus did not aver whether or not he received a plea offer. We note, however, that during the sentencing portion of the trial Movant stated he had received a plea offer of twenty-five years, which he chose to reject. This assertion was not adduced during the evidentiary portion of the trial and is not replicated elsewhere in the record. Considering the whole record in addition to Movant's assertions on appeal that only one brother received a plea offer, it is more likely that it was Smith-Nunley, not Movant, who received the plea offer.
Even if it were Movant who received the offer, there is no evidence or suggestion in the record that Movant would have accepted the plea offer if the State had offered him one. Again, in the absence of testimony by Movant at the evidentiary hearing, the motion court was left solely with the testimony of Robert Taaffe that he discussed testifying against his brother with Movant, but Movant declared he would not. Even under the standard set forth in DePriest, the record here does not demonstrate an actual conflict of interest that adversely affected the adequacy of Robert Taaffe's representation. See DePriest, 510 S.W.3d at 341 (there must be facts from which motion court "could find that plea counsel acted under an actual-not merely potential-conflict of interest that adversely affected the adequacy of counsel's representation").
While Movant would have this Court find the mere fact that the husband and wife team of Robert and Jolene Taaffe represented the two co-defendants here necessarily created an actual conflict of interest, the law does not support Movant's argument. This Court agrees that the situation here is rife with the potential for conflict and this Court strongly discourages the same attorney or the same law firm from ever representing co-defendants in criminal courts. However, where there is no actual conflict that adversely affects the adequacy of the representation, the practice is not currently prohibited in Missouri. See Mo. R. Prof. Conduct 4-1.7(b)(1) ("a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client").[5]
Moreover, because the facts of this case do not show an actual conflict, prior caselaw addressing situations of actual conflicts that cannot be waived are not relevant here. See, e.g., State ex rel. Kinder v. McShane, 87 S.W.3d 256, 262-66 (Mo. banc 2002) (trial court did not abuse discretion in rejecting defendant's waiver of actual conflict of interest where attorney represented both defendant and key prosecution witness during deposition State planned to use against defendant); State ex rel. Horn v. Ray, 325 S.W.3d 500, 505-07 (Mo. App. E.D. 2010) (attorney's simultaneous representation of defendant charged with domestic assault and victim of said assault was conflict of interest, because interests of defendant and victim of defendant are necessarily adverse; and where attorney cannot reasonably provide competent and *96 diligent representation to each affected client, parties cannot waive conflict). Last, to the extent Movant relies in his appellate brief on McShane and Ray to discuss the potential for conflict of interest, we note the different procedural posture in those cases versus ours. Unlike in both McShane and Ray, Movant here is requesting relief under Rule 29.15, and to show ineffective assistance of counsel from a conflict of interest, the movant has the burden to show an actual, not merely potential, conflict of interest. See DePriest, 510 S.W.3d at 341 ; Frazier, 431 S.W.3d at 491.
After reviewing the record, we do not have a definite and firm impression the motion court erred in denying Movant's amended motion for post-conviction relief, and thus the findings and conclusions of the motion court are not clearly erroneous. See Rule 29.15(k).
Point denied.
Point II
In Movant's second point on appeal, he argues the trial court erred in denying post-conviction relief because his trial counsel was ineffective for failing to call his alibi witness, causing prejudice. We disagree.
To prevail on a claim for ineffective assistance of counsel for failing to call a witness, a movant must show that: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness' testimony would have produced a viable defense. Williams v. State, 168 S.W.3d 433, 441 (Mo. banc 2005). Decisions to call a witness and to present evidence are matters of trial strategy, and are "virtually unchallengeable" in an ineffective-assistance claim. Id. at 443.
Here, Jones testified at the post-conviction evidentiary hearing that she would have testified at trial that she, Movant, Smith-Nunley, and Yarbrough were all at home the evening of January 14, 2012 when the crime was being committed. She agreed, however, that she never reported this alibi to the police and that she was unaware of Yarbrough's contradictory statement to the police that she was not with Movant on the evening he was accused of committing the robbery and murder. Robert Taaffe testified that he did not call Jones as an alibi witness because he did not believe the alibi, in part because neither she nor Movant ever presented their alibi to the police.
On these facts, Movant failed to establish Robert Taaffe's trial strategy in not presenting Jones' testimony was unreasonable. Robert Taaffe stated he did not believe Jones' alibi testimony, and this Court will not find trial counsel ineffective for failing to adduce evidence he or she suspects to be fabricated. See State v. Hamilton, 791 S.W.2d 789, 798 (Mo. App. E.D. 1990). The motion court did not err in denying Movant's Rule 29.15 motion on this ground.
Point denied.
Conclusion
The judgment of the motion court is affirmed.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

All rule references are to Mo. R. Crim. P. (2015), unless otherwise indicated.

Movant filed a premature motion for post-conviction relief on July 3, 2014, and the motion court appointed counsel on October 21, 2014. This Court issued the mandate in Movant's direct appeal on December 18, 2015. On March 17, 2016, appointed counsel filed an untimely amended motion. At an evidentiary hearing on Movant's request for post-conviction relief, the motion court determined that the late filing was due to abandonment by appointed counsel and not Movant, and thus the motion court treated the amended motion as timely. See Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015).

Movant declares the record is not clear to whom the State offered the plea deal.

We note, however, that contrary to Movant's assertions on appeal, DePriest v. State, 510 S.W.3d 331 (Mo. banc 2017), did not "abrogate" State v. Johnson, 549 S.W.2d 348 (Mo. App. 1977). When the alleged conflict of interest arises at trial, the standard set forth in Johnson still applies.

This Court suggests that application of this rule in the criminal context be reexamined in light of the problems that do arise or would potentially arise in concurrent representation.