

# Missouri Court of Appeals
## Southern District

### In Division

JERRY GLENN HAFFLY,     )
                                   )
     Movant-Appellant,    )
                                   )
v.                          )     No. SD37314
                                 )
STATE OF MISSOURI,    )     **Filed:  September 6, 2022**
                                 )
     Respondent-Respondent.   )

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable John D. Wiggins

**<u>AFFIRMED</u>**

Jerry Glenn Haffly ("Movant") appeals the denial of his Rule 29.15 amended motion (the "Motion") for post-conviction relief after an evidentiary hearing.[1]  Movant's sole point on appeal claims the motion court clearly erred in denying relief because his attorney ("trial counsel") had a conflict of interest in that she had previously represented the person Movant alleges was the confidential informant in Movant's case ("C.I."). Because the Motion failed to allege facts sufficient to demonstrate that trial counsel had an actual conflict of interest, we affirm.

---

[1] All rule references are to Missouri Court Rules (2021).

1

**Background**

A jury convicted Movant of distributing a controlled substance (*see* section 195.211[2]) for selling oxycodone pills to [name omitted] at a Waffle House. Movant told trial counsel that he believed C.I. was the confidential informant in his case. Trial counsel recognized C.I.'s name and told Movant that she had previously represented C.I. in an unrelated matter. Movant did not object to trial counsel serving as his lawyer at trial.

**Standard of Review & Governing Law**

We will overturn the motion court's denial of post-conviction relief only if its supporting findings and conclusions are clearly erroneous. Rule 29.15(k); ***Nunley v. State***, 556 S.W.3d 89, 92-93 (Mo. App. E.D. 2018). When the claim is based upon ineffective assistance of counsel ("IAC"), the movant must show, by a preponderance of the evidence, that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and counsel's deficient performance prejudiced him. ***Id.*** at 93.

"To show [IAC] from a conflict of interest, a movant who raised no objection at trial must demonstrate that an actual conflict of interest existed that adversely affected counsel's performance." ***Id.*** An actual conflict of interest requires concurrent representation of conflicting interests: "until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his

---

[2] Unless otherwise indicated, all statutory references are to RSMo 2016. Movant appealed his conviction, and we affirmed it in an unpublished statement. ***State v. Haffly***, No. SD36447, slip. op. (Mo. App. S.D. Nov. 24, 2020). Movant then filed his *pro se* motion alleging ineffective assistance of counsel, which was later amended by appointed counsel. We have independently verified the timeliness of Movant's motions as required by ***Moore v. State***, 458 S.W.3d 822, 825-26 (Mo. banc 2015).

claim of ineffective assistance." ***Nunley***, 556 S.W.3d at 93 (quoting ***Cuyler v. Sullivan***, 446 U.S. 335, 350 (1980)).  To demonstrate an actual conflict of interest, "something must have been done by counsel, or something must have been forgone by counsel and lost to [Movant], which was detrimental to the interests of [Movant] and advantageous to another." ***Helmig v. State***, 42 S.W.3d 658, 680 (Mo. App. E.D. 2001) (quoting ***Alexander v. State***, 864 S.W.2d 354, 359 (Mo. App. W.D. 1993)).

## The Contents of the Motion

The Motion alleged, *inter alia*, that trial counsel told Movant that she would "look into the situation [of having previously represented C.I.] to she [sic] if she could represent [Movant] despite the apparent conflict."  The Motion further alleged that trial counsel failed to get Movant's permission to represent him and did not ask the circuit court to allow her to withdraw from the case.  Finally, the Motion claimed that if trial counsel had exercised the customary skill and diligence exercised by a reasonable attorney, the outcome of his case would have been different.

## Analysis

Movant's point claims:

> The motion court clearly erred in overruling [Movant]'s motion for postconviction relief because [Movant] was denied effective assistance of trial counsel [. . .] in that trial counsel had an actual conflict of interest in that she had previously represented [C.I.,] who implicated [Movant] in the offense for which he was on trial, and this conflict of interest adversely affected [Movant] as [C.I.] was the key piece of evidence in [Movant]'s case.

Likely recognizing that concurrent representation of conflicting interests is not alleged in the Motion, Movant cites Rule 4-1.9 of Missouri's Rules of Professional Conduct (Conflict of Interest:  Former Client) in support of his claim.  That rule provides

3

that "[a] lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."

In support of this claim, Movant asserts, without any reference to the record, that trial counsel "clearly" had a conflict of interest in representing Movant after representing C.I. because it is "very likely" that C.I. "had to produce evidence against [Movant] that resulted in a successful criminal conviction in order to waylay whatever legal troubles [C.I.] had." Although a reference to the record is required by Rule 84.04(e), its absence is understandable here as C.I. did not testify at Movant's trial, and C.I. was not called as a witness at the evidentiary hearing on Movant's motion. Movant's brief also speculates -- again without any reference to the record -- that trial counsel would "very likely" be hesitant to undermine C.I., a former client.[3] This unsupported claim fares no better. *See Nunley*, 556 S.W.3d at 93 (the movant bears the burden of showing an actual, not just potential, conflict of interest).

We also note that the Motion fails to assert that the alleged conflict of interest caused trial counsel to either do or fail to do something that was detrimental to Movant's interests and was advantageous to C.I.'s interests. *See Helmig*, 42 S.W.3d at 680.

Having failed to allege any evidence that, if true, would support a claim of IAC,

---

[3] The use of the word "likely" in a statement indicates that the assertion is an inference. Every inference requires at least one basic, underlying fact (usually several) to support that inference. Here, no such underlying facts are cited, depriving Defendant's asserted inference of any analytical value.

4

the motion court's denial of post-conviction relief is affirmed.[4]

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[4] Although the Motion was deficient on its face to demonstrate IAC, the motion court nonetheless granted Movant an evidentiary hearing, during which trial counsel provided the following testimony. She learned early on in her representation of Movant that she had represented C.I. in an earlier criminal case. Her representation of C.I. had already concluded "months prior" to the time that she started representing Movant, and she did not learn anything pertinent to Movant's case during her former representation of C.I. While trial counsel was "not even sure it was actually a conflict," she told Movant about her previous representation of C.I. to give Movant the option of asking her to withdraw. Movant did not ask her to withdraw from his case. The motion court was entitled to credit that testimony, and it also supports the motion court's findings that: 1) trial counsel was not actively representing C.I. at the time of Movant's trial; 2) the cases had nothing to do with one another; and 3) Movant had failed to show how trial counsel's former representation of C.I. adversely affected her representation of Movant.